## BUNTON V. KING.

**Township Funds:** DEPOSIT IN BANK WITH NOTICE TO BANKER: IMPLIED TRUST: RIGHTS OF TOWNSHIP UPON BANK'S FAILURE. (*Independent District of Boyer v. King, ante,* p. 497, *followed in principle.*).

*Appeal from Harrison District Court.*—HON. SCOTT M. LADD, Judge.

### FILED, JUNE 4, 1890.

ACTION in chancery to recover money belonging to the township, of which plaintiff is clerk, deposited by a former clerk in a bank which subsequently became insolvent, and assigned its property to defendant for the benefit of its creditors. There was a decree for plaintiff. Defendant appeals.

*S. I. King,* for appellant.

*H. H. Roadifer* and *J. W. Barnhart,* for appellee.

BECK, J.—I. The facts of this case are these: P. & W. C. Cadwell, bankers, becoming insolvent, assigned their property to defendant for the benefit of their creditors, pursuant to the laws of the state. G. W. Wilson, clerk of Jefferson township, before the assignment, deposited money of the township in the bank, by a general deposit in his own name, which was known by the bankers to be the money of the township. At the time of the assignment, there was a balance due on account of the deposit made by Wilson. To recover this sum from the assignee for the township, the trustees brought this suit. G. H. Bunton, the clerk of the township, and successor of Wilson, was substituted as

plaintiff in place of the trustees, and the suit is now prosecuted in his name.

II. The facts in this case are substantially like those involved in *Independent District of Boyer v. King, Assignee, ante*, p. 497, and the questions of law involved in the two cases are identical. Counsel for both parties admit these propositions, and present their arguments in that case for consideration in this. Following that case, and referring to *Davenport Plow Co. v. Lamp, post*, p. ——, in support of the doctrine we recognize, we direct the decision of the court below in this case to be AFFIRMED.