*In re* SEVEN CORNERS BANK.

Submitted on briefs June 6, 1894. Reversed June 22, 1894.

No. 8720.

**On** the facts a creditor is refused a preference.

> M. & O'D. deposited with the bank a check for collection. The bank sent it to the clearing house, where it was used in balancing the account of the bank. Afterwards, on the same day, the bank made an assignment for the benefit of its creditors, but neither the check nor the direct proceeds thereof came to the assignee. *Held,* that M. & O'D. were not entitled to any preference over other claims against the insolvent.

Appeal by William P. Westfall, assignee of the Seven Corners Bank, from an order of the District Court of Ramsey County, *John W. Willis,* J., made December 16, 1893, directing him to pay Mullen & O'Dowd $212.25.

On July 31, 1893, Mullen & O'Dowd held a check drawn that day by Boston Hotel Co. on the Bank of Minnesota for $212.25. In the afternoon of that day they deposited this check in the Seven Corners Bank for collection and credit. The check was, on the next day, paid through the clearing house by applying it against checks upon the Seven Corners Bank. In the afternoon of August 1, 1893, the Seven Corners Bank made an assignment of all its property to Wm. P. Westfall in trust for its creditors under Laws 1881, ch. 148, as amended. He accepted the trust and qualified on August 5, 1893, but neither the check nor its proceeds came into his possession.

December 2, 1893, Mullen & O'Dowd made a motion in the insolvency proceedings for an order directing the assignee to pay over to them the proceeds of the check. The order was granted and the assignee appeals.

*C. D. & Thos. D. O'Brien,* for appellant.

If the Court shall hold that the title to the check deposited, passed to the bank, such holding will be decisive of this case and the

order appealed from must be reversed. The funds which were the proceeds of the check never came into the hands of the assignee. And it is only in cases where the particular fund sought to be obtained has come into his hands that an order of the character made in this case can be sustained.

The specific fund must have passed into the hands of the assignee in order to warrant the granting of a petition of this kind. It is not necessary to identify the proceeds in the hands of the assignee; it is sufficient to show that the actual proceeds of the check went into his hands.

*Edmund S. Durment*, for respondents.

The check was deposited for collection only. *In re State Bank*, 56 Minn. 119; *Balbach* v. *Frelinghuysen*, 15 Fed. Rep. 675. The bank being hopelessly insolvent, and known to its officers to be so when the deposit was made, it acquired no title to the check, even if the check was deposited as money instead of for collection. The check and its proceeds belonged to the petitioners. *Furber* v. *Stephens*, 35 Fed. Rep. 17; *Wasson* v. *Hawkins*, 59 Fed. Rep. 233; *Third Nat. Bank of St. Paul* v. *Stillwater Gas Co.*, 36 Minn. 75. The bank being insolvent and the check deposited for collection only, the bank had no authority to collect it. *Manufacturers' Nat. Bank* v. *Continental Bank*, 148 Mass. 553.

The main question in the case is—Have the petitioners identified the proceeds of the check? Have they traced the check into the fund in the hands of the assignee? If they have, the order of the lower court must be affirmed. The Seven Corners Bank should have sent the deposited check to the Bank of Minnesota, where it would have received the money. The Bank of Minnesota and other banks holding checks drawn on the Seven Corners Bank should have presented the checks at its counter, and it would have taken money out of its vault and paid to those presenting them the amounts of the checks. The law would hold it to have paid those checks out of funds in its hands properly applicable to the payment of the same, and not out of the funds of the petitioners. The amount remaining would be held to contain the proceeds of the deposited check. For the convenience of the bank it adopted a

more expeditious method of collecting the deposited checks and paying checks drawn on it, but the method led to the same result. *Third Nat. Bank of St. Paul* v. *Stillwater Gas Co.*, 36 Minn. 75; *Peak* v. *Ellicott*, 30 Kan. 156; *National Bank* v. *Insurance Co.*, 104 U. S. 54; *Farmers' & M. Nat. Bank* v. *King*, 57 Pa. St. 202; *McLeod* v. *Evans*, 66 Wis. 401; *Importers' & T. Nat. Bank* v. *Peters*, 123 N. Y. 272; *Van Allen* v. *American Nat. Bank*, 52 N. Y. 1.

GILFILLAN, C. J. July 31, 1893, this bank being then insolvent, and known by its officers to be so, Mullen & O'Dowd deposited with it for collection a check payable to them, drawn on the Bank of Minnesota, both being St. Paul banks. The next day the check was sent to the clearing house, where it was wholly absorbed in clearing off the balance due on that day's transaction from the Seven Corners Bank to the clearing house. Afterwards, on the same day, that bank made an assignment for the benefit of its creditors. Of course, no proceeds of the check came into the hands of the assignee. Money, considerably more than enough to pay the check, came into the hands of the assignee, but it was the proceeds of the bank's business generally, and none of it the proceeds of the check. The case is not essentially different from what it would have been had the bank received the money on the check from the bank on which it was drawn, and paid with it checks drawn on itself, or used it in any other way in its business.

On the application of Mullen & O'Dowd, the court below ordered the assignee to pay to them the amount called for by the check.

Had the check come to the hands of the assignee, an order to deliver it to Mullen & O'Dowd would have been proper; or, had the proceeds of it come into his hands in such shape that they could have been identified, an order to pay them over would have been proper. In such case the specific property would have been that of Mullen & O'Dowd. As it was, there existed nothing but a cause of action against the bank for conversion of the check or of the money, its proceeds; and, as such, it stands on the same footing as any other claim upon the assigned assets based on a conversion of money or other property. To allow such claims to be

paid in full out of the assets, when all claims cannot be paid in full, would give a preference to such claims. There is nothing in the insolvent law justifying it.

Order reversed.

COLLINS and BUCK, JJ., took no part in the decision.

(Opinion published 59 N. W. 633.)