JAMES W. JORDAN *vs.* CHICAGO, ST. PAUL, MINNEAPOLIS & OMAHA RY. CO.

Argued May 29, 1894. Affirmed June 22, 1894.

No. 8674.

**Duty to listen and look before going upon a railroad track—Exception to the rule.**

The rule that one who attempts to cross or places himself upon a railroad track without looking and listening, when, by so doing, he may discover the danger from an approaching train, is guilty of negligence *per se*, does not apply to the case of one who is employed in a railroad yard, and whose duties frequently make it necessary for him to go upon the tracks. Gilfillan, C. J., dissenting.

**License may be inferred from use.**

Where, in a railroad yard, there are tracks of several companies, and the employés in the yard of one company are accustomed to go, in performing their duties, upon the track of another, the jury may find a license from the latter to do so.

Appeal by defendant, the Chicago, St. Paul, Minneapolis & Omaha Railway Company, from an order of the District Court of Ramsey County, *Hascal R. Brill,* J., made December 14, 1893, granting plaintiff's motion for a new trial.

On March 11, 1892, John Jordan was a switchman at work for the Wisconsin Central Railroad Company. He was employed about one of its engines in making up trains on the tracks in the yard between Third Street and Prince Street in Kittson's Addition in the City of St. Paul. The defendant had a track in the same yard, adjacent

north of and parallel to the track of the Wisconsin Central Railroad Company. The two tracks were eight feet apart and ran east and west. Next south of the Wisconsin Central Railroad track, and four feet distant, was the platform of the Armour Packing Company's warehouse. Jordan stepped upon the track of defendant to give signals to the engineer of his engine in making couplings of cars, and was struck from behind by the tender of one of defendant's engines backing east along the parallel track at unusual speed, without ringing the bell. He died from the injury received, and his brother James W. Jordan was afterwards appointed administrator of his estate and brought this action under 1878 G. S. ch. 77, § 2, to recover $5,000 for the benefit of his next of kin. When plaintiff's evidence was all given, defendant moved the Court to dismiss the action under 1878 G. S. ch. 66, § 262, subd. 3, on the ground that plaintiff had failed to prove actionable negligence on the part of defendant but had shown that deceased was guilty of contributory negligence. The Court granted the motion. Plaintiff excepted and afterwards moved for a new trial and the Court granted it, because after consideration, it seemed to the Judge that there was evidence upon both these questions of negligence sufficient to require that they be submitted to a jury. Defendant appeals from this order.

*S. L. Perrin,* for appellant.

*Stevens, O'Brien, Cole & Albrecht,* for respondent.

GILFILLAN, C. J. The evidence in the case was such as to make the question of defendant's negligence one for the jury.

The question of the evidence as to contributory negligence on the part of deceased is not so easily determined, but the majority of the court are of opinion that, upon the evidence, that question was also one for the jury.

It is well settled that, ordinarily, one who attempts to cross or who places himself upon a railway track without looking and listening, when, by so doing, he may discover the danger from an approaching train, is guilty of negligence. The rule has been most frequently applied to the case of persons traveling on a highway at a railroad crossing. The majority of the court are of opinion, in which I do not concur, that this rule is not to be applied to the case of one who is employed in a railroad yard, and whose duties frequently make

it necessary for him to go upon the tracks, and the exigencies of whose duties may call upon him to do so without premeditation or time or opportunity to ascertain if it is dangerous to do so; that the act of such a person in placing himself upon the track, in the discharge of his duty, without looking or listening, is not *per se* negligence, but may be negligence or not, according to other circumstances in the case, of which the jury are to judge.

The majority of the court are also of opinion that from the evidence the jury might find a license by defendant, to the yard employes of the company for which deceased worked, to go upon its (defendant's) track in the yard, when necessary in the discharge of their duties; i. e. when necessary to signal an engine that cars were coupled, and ready to be moved.

Order affirmed.

Buck, J., did not sit.

(Opinion published 59 N. W. 633.)