CHRISTIAN J. FLOAN v. CHICAGO, MILWAUKEE & ST. PAUL RAIL-WAY COMPANY.[1]

May 17, 1907.

Nos. 15,193—(139).

**Railway—Warning of Danger.**

A custom of a railroad company to warn employees engaged upon its yard tracks of the approach of switch engines, by ringing the bell or sounding the whistle thereof, relieves such employees in a large measure from the strict rule of self-protection.

**Contributory Negligence.**

Within this rule, the question of plaintiff's contributory negligence in this case *held* properly submitted to the jury.

Action in the district court for Goodhue county to recover $2,000 for personal injuries.  The case was tried before Williston, J., and a jury, which rendered a verdict in favor of plaintiff for the sum demanded.  From an order granting defendant's motion for judgment notwithstanding the verdict, plaintiff appealed.  Reversed.

*Johnson, Mohn & Mohn,* for appellant.

*F. W. Root* and *Frank M. Wilson,* for respondent.

BROWN, J.

Action for personal injuries alleged to have been occasioned by the negligence of defendant, in which plaintiff had a verdict for $2,000. Upon defendant's motion the court below ordered judgment for defendant notwithstanding the verdict, and plaintiff appealed.

The facts are as follows:  Plaintiff was in the employ of defendant

[1]Reported in 111 N. W. 957.

101 M.—8

as a laborer, and was struck by one of its switch engines and seriously injured. At the time of the accident defendant was engaged in making extensive changes in the yard tracks at Red Wing, the place of the accident, and plaintiff, with other laborers, was employed in and about that work. On October 3, 1904, the day of the injury, they were engaged in digging a trench parallel with the main track as it extended past the station building. At the close of the day the employees had removed their tools to the station building and were in the act of covering the trench, as a protection to other employees engaged in the yards at night, when, as plaintiff claims, one of defendant's switch engines came upon the scene at a rapid rate of speed, without notice or warning, and ran into and injured him.

The precise ground of negligence relied upon is that defendant had established a rule or custom for the operation of switch engines in the yards, by which the persons in charge thereof gave notice or warning of their approach to employees at work upon the tracks by ringing the bell or sounding the whistle, of which plaintiff was informed and upon which he relied for his protection; that the custom was negligently violated; that the engine which struck plaintiff was run through the yards at a rapid rate of speed, and no warning of its approach by ringing the bell or sounding the whistle was given. It is conceded that the evidence was sufficient to take the case to the jury upon the question of defendant's negligence, both as respects the custom of ringing the bell as a warning to yard employees, and the failure to observe it; and no questions are presented on that branch of the case.

It is contended, however, that the evidence is conclusive of plaintiff's contributory negligence, and therefore the court below properly ordered judgment for defendant. This position is based upon the theory that plaintiff failed to exercise proper care for his own protection in looking and listening for an approaching engine before going upon the track at the time of the accident. We think the evidence made this a question of fact for the jury.

The case is substantially like Joyce v. Great Northern Ry. Co., 100 Minn. 225, 110 N. W. 975, where the alleged contributory negligence of a track repairer in the Union Depot yards, who was injured under circumstances similar to those in the case at bar, was held a question for the jury.

The custom of defendant to warn laborers upon its tracks of the approach of switch engines by ringing the bell or sounding the whistle relieves, in a large measure, employees for whose benefit the custom exists from the strict rule of self-protection.    Of course, persons so engaged and absorbed in their work cannot remain wholly oblivious to their surroundings or the dangers of their situation.    Notwithstanding a custom to warn them in a particular manner of particular dangers, they must still exercise reasonable care for their own safety.    Yet the strict rule applicable to strangers about to enter upon a railroad track does not apply in all its force.    Employees thus situated may rely in a measure upon the custom and rule established for their protection, without subjecting themselves to the charge of contributory negligence. The railroad company in such case owes them active vigilance in complying with the custom.    Erickson v. St. Paul & D. R. Co., 41 Minn. 500, 43 N. W. 332, 5 L. R. A. 786.

In the case at bar the accident occurred at the close of the day and when the men were busy closing up their work, removing tools from the track, and covering the trench.    Just preceding the accident plaintiff had crossed the main track and the depot platform with some tools, and returned to assist his fellow workmen in covering the trench.    If, as contended by defendant, plaintiff, heedless of his surroundings, stepped upon the track almost in front of the approaching engine, a clear case of contributory negligence would be presented.    But the evidence does not warrant that conclusion as a matter of law.    There is evidence in the record that plaintiff was upon the track, engaged in his work, at the time he was struck, and was then assisting in raising a plank with which to cover the trench.    The claim that this evidence should be rejected, because the witness who gave it was, under the circumstances disclosed by other evidence, unworthy of belief, cannot be adopted.    The evidence was before the jury, and it was for them to accept or reject.    Hartman v. Minneapolis, St. P. & S. S. M. Ry. Co., 100 Minn. 43, 110 N. W. 102.    The case of Sours v. Great Northern Ry. Co., 84 Minn. 230, 87 N. W. 766, is materially different in its facts, and the rule there laid down does not apply.    The facts here before us bring the case within Joyce v. Great Northern Ry. Co., supra.

Our conclusion, therefore, is that the question of plaintiff's contributory negligence was for the jury, and final judgment for defendant

should not have been granted.   Cruikshank v. St. Paul F. & M. Ins. Co., 75 Minn. 266, 77 N. W. 958; Bragg v. Chicago, M. & St. P. Ry. Co., 81 Minn. 130, 83 N. W. 511.

Order appealed from reversed.