WATTS v. BOARD OF COMMISSIONERS OF CLEVELAND COUNTY.

No. 2007, Okla. T.   Opinion Filed May 15, 1908.

(95 Pac. 771.)

**BANKS AND BANKING—Deposit of County Treasurer—Insolvency—Preference.** Where a county treasurer, prior to the passage of the law providing for the designation of county depositories, made a general deposit of the county funds in a bank in his own name as treasurer, the title to the money did not pass, although there was no agreement that the identical money should be returned, and upon the bank becoming insolvent the county was entitled to recover an equal amount from the receiver of the bank prior to the payment of general depositors.

(Syllabus by the Court.)

*Appeal from the District Court of Cleveland County; before C. F. Irwin, Judge.*

Action by the board of county commissioners of Cleveland county against John Watts, receiver of the First National Bank of Lexington, for recovery of county funds deposited. Judgment for plaintiff, and defendant brings error. Affirmed.

*Ledru Guthrie,* for plaintiff in error.

*A. Nicodemus, County Attorney, W. M. Newell, C. L. Botsford,* and *W. J. Jackson,* for defendant in error.

KANE, J.: The question to be decided in this case is, did money belonging to a county deposited by the county treasurer in a solvent bank constitute a trust fund which the county may follow into the hands of the receiver of the bank after its failure? The case was submitted to the court below on an agreed statement of facts, from which the following excerpts are taken:

." (1)    That the First National Bank of Lexington, Okla. T., is now, and was at all times hereinafter stated, a national bank, organized under and by virtue of the laws of the United States, and that said bank had its place of business at Lexington, in the territory of Oklahoma; (2) that on the 24th day of May, 1905, said bank, being insolvent, was by the Comptroller of the Currency placed under the control of a receiver, and said defendant, John Watts was duly appointed and is now the duly qualified and acting receiver thereof, and has in his custody and under his control the moneys, property, assets, and effects possessed by said bank at the time of his taking charge thereof as such receiver; (3) that upon the 13th day of October, 1903, there was deposited in said bank and credited to the account of 'Roland Hughes, treasurer,' the sum of $4,500, and on the 5th day of April, 1905, $2,500 was paid to said Hughes upon a check signed by him as treasurer, and that there remained on deposit to the credit of Roland Hughes, treasurer, in said bank at the time said defendant took possession thereof as such receiver, the sum of $2,000, balance of said deposit made as aforesaid by Roland Hughes, treasurer, and all of said funds came into the hands of said treasurer as collection of taxes from the tax-payers of said Cleveland county, Okla. T.; (4) that at the date of making said deposit and ever since said date said Hughes was and has been the duly elected, qualified, and acting county treasurer of Cleve-

land county, Okla. T., and that said Hughes, before entering upon his duties entered into a bond provided by said plaintiff, and has at all times since maintained and kept said bond in full force and effect; (5) that said deposit was made without the knowledge or consent of the plaintiff, and that said plaintiff had no knowledge of said deposit having been made in said bank until after said receiver took possession of said bank; (6) that said deposit was mixed with the general funds of said bank by the officers and agents of said bank, and went into and swelled the general assets of said bank."

The court below found in favor of the defendant in error, granting it a preference, and from the judgment thus rendered, the plaintiff in error appealed to this court.

Counsel for plaintiff in error in his brief raises some objection to the agreed statement of facts being considered by this court, for the reason that the same had been stricken from the files by the court below. This contention is not tenable. The journal entry of the judgment recites that the parties appeared and in open court waived a trial by jury, and by agreement submitted the cause to the court upon the agreed statement of facts, excerpts of which are above set out.

The deposit fund involved in this case was placed in the bank as a general deposit by Mr. Hughes as treasurer of Cleveland county. Under ordinary circumstances such a deposit would constitute a loan, and would create the relation of debtor and creditor between Cleveland county and the bank. We are convinced, though, that under the laws of the territory of Oklahoma, as they existed at the time of this transaction such relation was not thereby created. "A general deposit in a bank is a loan." (*Bank of Blackwell v. Dean*, 9 Okla. 626, 60 Pac. 226.) Section 6062, Wilson's Revised and Annotated Statutes of Oklahoma of 1903, makes it a crime for a county treasurer to loan public funds. Section 1239, Wilson's Revised and Annotated Statutes of 1903, provides that:

"The books, accounts, and vouchers of the county treasurer, and all moneys, warrants or orders remaining in the treasury,

shall at all times be subject to the inspection and examination of the board of county commissioners, and at the regular meetings of the board in January and July of each year, and at such other times as they may direct, he shall settle with them his accounts as treasurer, and for that purpose he shall exhibit to them all his books, accounts and money, and all the vouchers relating to the same, to be audited and allowed, which vouchers shall be retained by them for evidence of his settlement; and if found correct the accounts shall be so certified; if not he shall be liable on his bond."

It would seem from this section and the section making it a crime to loan public funds that the statutes of Oklahoma, prior to the passage of the bill providing for the creation of public depositories, did not permit county treasurers to make general deposits of public funds, but it was his duty to at all times have the funds of the county under his control so that immediately upon being directed to do so by the board of county commissioners he may exhibit such funds to said board. On this proposition the case of *Thompson v. Territory*, 10 Okla. 409, 62 Pac. 355, is in point. Mr. Justice Burwell, speaking for the court, says:

"Territorial funds received by the territorial treasurer remain the moneys of the territory until paid out according to law, and the treasurer and every other person charged with the receipt, safekeeping, or disbursement of such funds is prohibited from loaning them either for his own private use or for the use of the territory, and from in any way appropriating them to his own private use."

In *State v. Midland Bank*, 52 Neb. 1, 71, N. W. 1011, 66 Am. St. Rep. 484, Mr. Chief Justice Post, speaking for the court, says:

"It is not within the power of public officers to create the relation of debtor and creditor between a municipal corporation and a bank by depositing public funds."

By the statutes of Nebraska school district treasurers are forbidden to lend or use any part of school moneys which may be in their hands, under penalty of fine and imprisonment. Mr.

Chief Justice Post in *State v. Midland Bank et al., supra,* speaking of the power of a school district treasurer under such statutes to create the relation of debtor and creditor between such district and the bank, says:

"It is not within the power of the treasurer of a school district by a general deposit of funds held by virtue of his office to create between such district and his banker the relation of debtor and creditor. A banker, by receiving on deposit from a school district treasurer funds known to be held by the latter in his official capacity, becomes thereby a trustee for the beneficial owner with respect to such funds, and the same may, upon his insolvency, be recovered by the owner as a preferred claim against his estate."

The learned chief justice further discussing the same proposition, says:

"It has been many times held that when, except as specially authorized by statute, a treasurer or other custodian of public money makes a general deposit thereof, in his own name, a trust results in favor of the beneficial owner, and that upon the insolvency of the bank receiving such funds with notice of their character its estate is chargeable with the full amount of the deposit to the prejudice of nonpreferred creditors. See *Independent District of Boyer v. King,* 80 Iowa, 497, 45 N. W. 908; *Bunton v. King,* 80 Iowa, 506, 45 N. W. 1050; *Myers v. Board of Education of Clay Center,* 51 Kan. 87, 32 Pac. 658, 37 Am. St. Rep. 263."

The foregoing authorities are cited only to sustain the proposition which we are convinced is correct that where a county treasurer, prior to the passage of the law providing for the designation of county depositories, made a general deposit of the county funds in a bank, the title to the money did not pass, although there was no agreement that the identical money should be returned, and upon the bank becoming insolvent the county was entitled to recover an equal amount from the receiver of the bank prior to the payment of general depositors. The bank acquires no title to the money so deposited against the county. To the same effect are the following:

"Public moneys deposited in a bank in violation of law are trust funds, and do not become the property or assets of said bank and remain trust funds with title in the true owner, after the appointment of a receiver and the insolvency of the bank." (*First National Bank v. Bunting & Co.,* 7 Idaho, 27, 59 Pac. 929, 1106; *Green v. Custer County,* 8 Idaho, 721, 71 Pac. 115; *Myers v. Board of Education,* 51 Kan. 87, 32 Pac. 658, 37 Am. St. Rep. 263.)

Having reached the conclusion that the money deposited by the defendant in error in this case was a trust fund, for which Cleveland county is entitled to a preference over the general creditors of the bank, it is only necessary now to determine if it is shown that the fund is sufficiently identified for the court to enable the county to lay hands upon it. We are of the opinion that on this point there can be no question. The agreed statement of facts states:

"That said deposit was mixed with the general funds of said bank by the officers and agents of said bank, and went into and swelled the general assets of said bank; * * * that there remained on deposit to the credit of 'Roland Hughes, Treasurer,' in said bank at the time said defendant took possession thereof as such receiver, the sum of $2,000, balance of said deposit made as aforesaid by Roland Hughes, treasurer, and all of said funds came into the hands of said treasurer as collection of taxes from the taxpayers of said Cleveland county, Okla. T."

This admission brings the case squarely within the rule for tracing trust funds laid down in the two cases of *Cherry v. Territory of Oklahoma,* reported in 17 Okla. 213, 89 Pac. 190, and in 17 Okla. 221, 89 Pac. 192, 8 L. R. A. (N. S.) 1254, respectively. In the latter case Justice Burwell, after citing several cases from other states on this question, says:

"In this connection we desire to state that these cases adhere to a more strict rule than we are to adopt. If the claimant can trace his money into the general mass turned over to the receiver, it is sufficient."

Mr. Justice Burwell wrote the opinions in both of the cases above mentioned, and, as we understand them, neither of them

pass squarely upon the question decided here as to whether moneys deposited in a bank by the treasurer of a county become thereby a trust fund, to which the county is entitled to a preference over the general creditors on the bank becoming insolvent. Justice Burwell bases his opinions in these cases upon the ground that the funds sought to be traced were not sufficiently identified to be available, even if they were impressed with the trust character.

"The plaintiff having failed to trace its cash or checks or drafts or proceeds thereof into the hands of the receiver, a preference will be denied." (*Cherry v. Territory, supra.*)

The judgment of the court below is affirmed.

All the Justices concur.