## PETER MAGLIANI v. MINNESOTA TRANSFER RAILWAY COMPANY.[1]

June 11, 1909.

Nos. 16,054—(83).

**Signals in Railway Yard.**

Though employees of a railroad company, while engaged in the performance of their duties in and about the switching yards of the company, may rely upon the custom, adopted for their protection, of giving signals of the approach of trains or engines moving about the yards, the same rule in all its force does not extend to them while not absorbed in their duties and passing leisurely through the yards.

**Contributory Negligence.**

A section hand, not engaged in his work, but passing through the yard to his boarding place, with nothing to obstruct his view or divert his attention, was struck and killed by one of defendant's engines, engaged in switching operations. *Held*, that the evidence is conclusive of his contributory negligence.

Action in the district court for Ramsey county by the administrator of the estate of Antonio Cannone, deceased, to recover $5,075 for the death of his intestate. The case was tried before Bunn, J., who directed a verdict in favor of defendant. From an order denying plaintiff's motion for a new trial, he appealed. Affirmed.

*A. J. Hertz,* for appellant.

*F. W. Root* and *W. H. Norris,* for respondent.

BROWN, J.

As involved in this action, the tracks of defendant are adjacent to

[1] Reported in 121 N. W. 635.

and extend parallel with those of the Great Northern Railway Company. There are, at the point of the accident complained of, numerous side tracks of both companies, used for the operation of trains and switching cars. One particular track, mentioned in the record as a "dead track," or "storage track," owned by the Great Northern Company, was frequently used by defendant, under an agreement with that company, in its switching operations. With the switch properly turned it served as a continuation of one of the tracks of defendant. It was made use of by defendant in switching therefrom cars upon its own various side tracks. When the servants desired to run a string of cars upon it for purposes stated, a signal by the engineer would so indicate to the switchman in charge, and the switch would be turned into proper position. The engineer would then proceed upon that track and occupy it until all the cars brought in on any particular occasion were switched to and upon the different tracks of defendant.

Plaintiff's intestate was in the employ of the Great Northern Company as a section hand, and during the day of the accident resulting in his death had been engaged in the performance of his duties about the tracks of that company. At about noon of November 22, 1906, the foreman under whom deceased was employed directed him to proceed to certain boarding cars occupied by his crew, and which were located at the extreme east end of this dead or storage track, and prepare for the noon meal. At about the same time the employees of defendant approached with a string of cars and gave the usual signal, indicating an intention to go upon and use this particular track for the usual purposes. A few minutes after giving the signal, the switch was turned, and the train proceeded upon the track. In the meantime deceased had ceased his work, and in compliance with the direction of his foreman was proceeding to the boarding cars, and was run down by this train and killed. The front end of the engine was coupled to the cars, so that the engine was backing up as it passed onto and over this Great Northern track, and the engineer's attention was directed to signals of switchmen upon and about the string of cars he was pulling, and he did not know of the presence of deceased until after the accident. It was upon this track that deceased met his death. He was

either walking upon the track at the time, or stepped thereon immediately in front of the approaching engine. The evidence does not make this clear.

This action was thereafter brought in behalf of the next of kin of deceased, upon the ground that his death was caused solely by reason of the negligence of defendants, its servants, and employees. At the trial below the court directed a verdict for defendant, on the ground that deceased was guilty of contributory negligence. In the view we take of the case the only question necessary to be considered is the correctness of this ruling. As we concur with the conclusion reached by the trial court, the question whether the evidence made a case for the jury upon the issue of defendant's negligence becomes immaterial.

Deceased not being here to speak for himself we are bound to assume, in so far as not contradicted by direct evidence or rebutted by facts and circumstances, that he exercised due care for his own safety. But with this assumption in mind we are clear that the conclusion of contributory negligence is the only one the facts of the case will justly warrant.

The day was bright and clear. Deceased had been employed in the immediate vicinity of the accident for several preceding months, and was naturally cognizant with the fact that the switching of cars upon and about the numerous tracks in this locality was almost continuously going on, and familiar also with the dangers incident to the operation of cars in and about the yards. It was wholly unnecessary, in going to the boarding cars, to walk upon this or any of the adjoining tracks. Ample space between them was afforded for that purpose. There was nothing to obstruct his view of this approaching train, nor does the record disclose that his attention was diverted from the exercise of precautions for his safety by the performance of any duty to the company or otherwise. He was not engaged at the time, but was a free agent, proceeding to the boarding cars. The slightest glance in the direction from which the train was approaching would have disclosed its immediate presence, and enabled him to step aside to a place of perfect safety. But he proceeded, apparently unmindful of his surroundings, and was killed; and, conceding the negligence of defendant's servants in not sounding the bell of the engine, and in the

other respects claimed, the conclusion is unavoidable that he was wholly heedless of the dangers surrounding him, and thereby contributed to and brought about the injury resulting in his death.

The case is unlike Jordan v. Chicago, St. P., M. & O. R. Co., 58 Minn. 8, 59 N. W. 633, 49 Am. St. 486; Joyce v. Great Northern Ry. Co., 100 Minn. 225, 110 N. W. 975, 8 L. R. A. (N. S.) 756, and Floan v. Chicago, M. & St. P. Ry. Co., 101 Minn. 113, 111 N. W. 957, cited and relied upon by plaintiff. We held in those cases that employees of a railroad company engaged in the performance of their duties in switching yards may rely in a measure upon the custom, adopted for their protection, of ringing the bell as a warning of approaching engines, without subjecting themselves to the charge of contributory negligence. But there is an important distinction between employees thus situated, who are absorbed in the performance of their duties, and those, like deceased, who are not engaged at their work, but are leisurely passing through or across the yards, and are struck by an approaching train, which the least vigilance would have disclosed in time to have averted injury therefrom.

Our conclusion is in harmony with that reached by the learned trial court, and the order appealed from is affirmed.