## FRANK O. HAMMER v. GREAT NORTHERN RAILWAY COMPANY.[1]

January 13, 1911.

Nos. 16,826—(186).

**Decedent guilty of contributory negligence.**

In an action to recover for the wrongful death of plaintiff's intestate, it is *held* that decedent was, as a matter of law, guilty of contributory negligence. Magliani v. Minnesota Transfer Ry. Co., 108 Minn. 148, followed and applied.

Action in the district court for Hennepin county by the administrator of the estate of Anton Olsen, deceased, to recover $5,000 for the death of his intestate. The answer specifically denied the plaintiff had suffered damage in any sum whatever by reason of any negligence on the part of the defendant. The action was tried before Hale, J., who directed a verdict in favor of defendant because the negligence of the deceased contributed to his death. From an order denying a new trial, plaintiff appealed. Affirmed.

*Larrabee & Davies,* for appellant.

*Brown, Albert & Guesmer,* for respondent.

BROWN, J.

Plaintiff's intestate was in the employ of defendant as a laborer in and about one of its switching yards at Minneapolis, described in

[1]Reported in 129 N. W. 219.

the record as "yard C." His duties were to couple and uncouple the air hose connection between cars brought into the yard, and to oil cars requiring the same. He also assisted occasionally in starting a gasolene engine, which operated a pump at the water tank located in the yards. He was run over and killed by a switch engine, and plaintiff brought this action to recover therefor, alleging that decedent's death was caused by the negligence of those operating the switch engine in failing to give the customary and usual signals of its approach. The court below directed a verdict for defendant on the ground of decedent's contributory negligence. Plaintiff appealed from an order denying a new trial.

A careful consideration of the record leads to the conclusion that the trial court properly disposed of the case.

The yard in which decedent was employed was made up of numerous tracks, and switching of cars upon the same was continuously going on. Decedent was aware of this condition. He had been employed in the yards for three years. He came to his work on the morning of his death on a switch engine, and alighted therefrom at a switch shanty located at the junction of several yard tracks. After conversing a few moments with an employee at the shanty, he proceeded in the direction of the water tank, distant therefrom down the yard about five hundred feet. Between the shanty and the tank there was ample space between parallel tracks to enable one going in that direction to avoid danger from passing engines or cars. Several switch engines were moving about the yards at this time, and this to the knowledge of decedent. Yet he proceeded to the tank upon one of the tracks, instead of upon the space between them. A short distance from the shanty he stopped to light his pipe, and then walked on, and was overtaken by the switch engine and killed. He was not at the time absorbed in the performance of his duties. His attention was not diverted. On the contrary, he was proceeding leisurely to the tank, presumably to assist in starting the engine which operated the same; and, though the negligence of the switching crew in failing to give the usual signals of the approach of the engine be conceded, a question not entirely free from doubt, the conclusion of contributory negligence is the only one the facts pre-

sented will justify. The case comes squarely within Magliani v. Minnesota Transfer Ry. Co., 108 Minn. 148, 121 N. W. 635.

Order affirmed.

JAGGARD and SIMPSON, JJ., took no part.