# MARTIN HAGEN v. CHICAGO, ROCK ISLAND & PACIFIC RAILWAY COMPANY.[1]

October 3, 1913.

Nos. 18,151—(254).

**Negligence of master — pleading and proof.**
    1. The evidence sustained the allegations of negligence in the complaint

[1] Reported in 143 N. W. 121.

---

Note.—On the question of the sufficiency of rules for switching of cars, see note in 43 L.R.A. 339.

that defendant backed a train at excessive speed, and without observing the adopted practice of having a lookout at the front of the forward car and ringing a bell, and because thereof plaintiff was injured.

**Contributory negligence.**
　　2. Upon this record the defense of contributory negligence was for the jury, and the verdict in that respect finds fair support.

**Omission to charge jury.**
　　3. An omission to give a complete definition of assumption of risk is no cause for reversal here, because the definition given was accurate as far as it went, the evidence presented no situation to which the omitted part was applicable, no suggestion of an omission or inaccuracy was made when the court at the end of the charge asked counsel if any had been made, and it seems the record does not raise the question of assumption of risk.

Action in the district court for Freeborn county to recover $2,000 for personal injury received while in plaintiff's employ. The facts are stated in the opinion. The case was tried before Kingsley, J., who denied defendant's motion for a directed verdict in its favor and a jury which returned a verdict for the amount demanded. From an order denying defendant's motion for judgment notwithstanding the verdict or for a new trial, it appealed. Affirmed.

*Morgan & Meighen,* and *Stringer & Seymour,* for appellant.
*Dunn & Carlson,* for respondent.

Holt, J.
Defendant appeals from an order denying its motion in the alternative for judgment notwithstanding the verdict or a new trial.

Plaintiff was a car repairer, long in the employ of the defendant, and well acquainted with its tracks and methods of moving cars and trains within the city limits of Albert Lea in this state. On the evening of January 9, 1910, he received orders to provide himself with the necessary tools and board a way-freight due to leave the yards at 7:45 the next morning for a small station 7 miles north of Albert Lea, where a car was to be repaired. The main track of defendant's railway runs almost north and south through Albert Lea. The depot is to the west of this track. At points several hundred feet north of the depot three spur tracks diverge to the west from the main track, then pass southerly parallel thereto. The spur near-

est to the main track is about 30 feet from it. On this space the depot is located and some 700 feet northerly therefrom a car repair office or shop, also called tool house. Opposite the depot and east of the main track is the switchyard of ten tracks. A few minutes before 7:20 on the morning of January 10, plaintiff came up from his home southeast of the yard, passed through the yard by the depot and to the tool house for the purpose of getting and carrying the required tools to the caboose of the way-freight which would leave from some place in the switchyard. In passing between the depot and tool house the men had made a path in the snow, somewhat irregular, but at a safe distance from the tracks, except at a place some 200 feet south of the tool house where, because of some obstruction, it ran for 30 feet within a few inches of the main track. Plaintiff, having shouldered a jack weighing nearly 100 pounds and carrying some bolts in his left hand, left the tool house and took this path to go to the depot. When almost past the place where the path led dangerously near to the main track, he was knocked down by a dining car which was being backed in from north of the tool house. Plaintiff was severely injured. The negligence alleged was backing the train at excessive speed, without the customary lookout on the front car and without the customary warning by ringing of bell. The answer denied negligence, and alleged contributory negligence and assumption of risk as defenses.

The contentions on this appeal are: That there is a failure of proof as to defendant's negligence, that plaintiff's contributory negligence appears as a matter of law, and that the instructions relating to assumption of risk were not full and complete.

The record amply sustains the allegations of negligence made against defendant. Plaintiff testified that the custom and practice existed that, when cars or trains were backed in on the main track within the yard limits, warning was given by ringing the bell, and a lookout was stationed on the front car to protect those who might be in the way. This was not denied, nor was his testimony that he saw no one on this dining car and that no bell was rung on the train which struck him. Plaintiff estimated the speed at 15 miles per hour, but also said that he thought the speed of this train was

almost twice that of the usual speed in the yard limits. This last statement is not contradicted except inferentially by defendant's superintendent, who states that 15 miles per hour is not an unusual speed in the yard.

The existence of a custom and practice according to which defendant moved its trains and cars, in conjunction with the physical conditions at the time, makes it reasonably clear that the question of plaintiff's contributory negligence was one of fact and not of law. The snow was so deep, heaped up, and drifted in the yard that it was out of the question for plaintiff, though a very strong man, to get to the caboose with his heavy burden except by following the path mentioned. The path itself was rough and slippery, requiring attention to his steps. Before plaintiff went into the tool house he noticed a switch engine attached to a mail car and dining car on the spur next to the main track. The engine was on the north end and the dining car on the south end of the train. When he came out with the tools he found this train on the main track a short distance north, standing still. He walked south on the path, and testified that when he came to where the path approaches dangerously near the main track he stopped and looked around; that the train was then standing in the same position as when he started; that he did not know how long it would so remain, or in which direction it would move, but he undoubtedly knew that at any time it might back down toward the depot. If it did he had a right to rely to a certain extent on the observance of the customary practice with respect to the movement of the train, and warnings of its approach. The situation in the yard as to snow, the dangerous location of a part of the path, and the frequent use thereof by persons passing to and from the tool house must have been observable by those in charge of this train. It cannot be held that, as a matter of law, plaintiff was guilty of negligence when he undertook to walk along the rail of the main track for 30 feet, after first looking to see that the train behind him was at rest more than 100 feet away. And the jury's finding that he was not is fairly supported by the evidence. Cases cited by appellant such as Magliani v. Minn. Transfer Ry. Co. 108 Minn. 148, 121 N. W. 635; Hammer v. Great Northern Ry. Co. 113 Minn. 212, 129

N. W. 219, where the injured party is not engrossed in his work and has full opportunity to select a place obviously more safe than the one chosen, are not in point. The case at bar is ruled by Joyce v. Great Northern Ry. Co. 100 Minn. 225, 110 N. W. 975, 8 L.R.A. (N.S.) 756; Floan v. Chicago, M. & St. P. Ry. Co. 101 Minn. 113, 111 N. W. 957; Lewis v. Chicago, St. P. M. & O. Ry. Co. 111 Minn. 509, 127 N. W. 180; Evans v. Drake & Stratton Co. 119 Minn. 55, 137 N. W. 189, which involve situations analogous to the one here presented.

The court failed to give the jury a complete definition of assumption of risk; but for several reasons this does not effect a reversal. The definition was accurate as far as it went; the evidence furnished no basis for giving the omitted part, namely, that plaintiff assumed such extraordinary risks of his employment as were known to him or which he should have known in the exercise of ordinary care; and at the end of the charge, when the court asked the counsel whether any omission or misstatement had been made, the defendant's counsel was silent. Bailey v. Grand Forks Lumber Co. 107 Minn. 192, 119 N. W. 786. Furthermore the sole negligence of defendant related to the movement of this train. There is not the slightest testimony to the effect that any train had ever before been run in a similar manner. How can it then be said that plaintiff knew and appreciated the dangers from backing the train without the customary lookout and warnings and at an unusual speed? It would seem that the record presents no evidence to support the defense of assumption of risk.

Order affirmed.