COUNTY OF TRAVERSE v. A. J. VEIGEL.[1]

March 15, 1929.

No. 27,161.

[1]Reported in 224 N. W. 159.

*D. F. Nordstrom,* for appellant.

*S. C. Odenborg* and *Houston & Huber,* for respondent.

HOLT, J.

Defendant in charge of the Farmers State Bank of Tintah for liquidation appeals from a judgment determining that a certain amount of plaintiff's funds in the bank were trust funds entitled to preference.

The bank while a going concern was a duly designated county depository, having given a bond for $6,000, which authorized the county treasurer, under G. S. 1923, § 848, to deposit county funds therein up to $3,000. On November 9, 1926, there was to the credit of plaintiff in its deposit account a sum less than $3,000. But it appears that previous thereto the bank had received $4,752.60 more than $3,000 under substantially these circumstances: To facilitate the payment of the real estate taxes it was customary for the county treasurer to send to all duly designated depository banks in the county, some time previous to November 1 each year, a list of the lands in the vicinity of each bank with receipts in triplicate showing the amount of the taxes thereon. The taxpayer would go to the nearest bank and pay the taxes, getting one of the triplicate receipts from the bank, one of the triplicates being retained by the bank, and the other being sent to the county treasurer, who would thereupon send to the taxpayer the proper receipt for the taxes upon the designated land. The bank would credit the amount of each payment to the county, and the treasurer would charge it to the bank.

On November 10, 1926, the county treasurer caused a check drawn by himself on the bank to be presented for payment and remittance to the First National Bank of Browns Valley, but it was dishonored, and on the 13th defendant closed the bank and took over its assets.

Of the seven depository banks in the county all had on November 10, 1926, more of county funds than authorized by law, save the First National Bank of Browns Valley in which about $4,800 could then lawfully be deposited. The court held the $4,752.60 came wrongfully to the bank and impressed the assets which defendant took over with a trust entitling plaintiff to a preference in that amount.

We have no statute making it a crime for a county treasurer to deposit county funds in a depository bank in excess of the amount authorized by law, nor have we a statute making such deposit a special deposit or a trust fund; and hence many decisions cited by plaintiff based upon such statutes are not controlling, such as Fidelity State Bank v. North Fork H. Dist. 35 Idaho, 797, 209 P. 449, 31 A. L. R. 781; Powell v. Tunica County, 107 Miss. 410, 65 So. 499, Ann. Cas. 1916B, 1262; Yellowstone County v. First Tr. & Sav. Bank, 46 Mont. 439, 128 P. 596; Watts v. Commrs. of Cleveland County, 21 Okl. 231, 95 P. 771, 16 L.R.A.(N.S.) 918. Defendant relies principally on City of Cloquet v. N. W. State Bank, 172 Minn. 324, 215 N. W. 174; but an applicable statute contains implied discretion to deposit in a nondepository bank rather than an express inhibition against so doing.

G. S. 1923, § 846, reading: "All county funds, as soon as received, shall be deposited by the county treasurer * * * in one or more banks designated by the board of auditors," is more in the nature of a command when taken in connection with the balance of the section and § 848, which seem to make it obligatory upon the board of auditors to provide for depositories wherein the treasurer must deposit funds of the county, but no more than one-half of the penalty of the several depository banks. And there is authority for holding the overdeposit in this instance wrongful and unlawful, thus charging the bank as trustee ex maleficio. Grand Forks County v. Baird, 54 N. D. 315, 209 N. W. 782. But we shall rest our decision on the fact that the excess of the funds, over the $3,000 which could be lawfully received on deposit, were moneys received by the bank from taxpayers for remittance to the county treasury in pay-

ment of their taxes, retained to augment the assets of the bank, which never reached the treasury. The attempt by the county treasurer to withdraw this excess for the purpose for which the money was accepted from the taxpayers was frustrated by defendant's taking charge of the bank. The county board, the only authority which could act for plaintiff, had made no arrangement for overdeposits by the treasurer or that the taxes paid at the bank for transmission to the county treasurer might be deposited in the bank. We have held that a taxpayer paying money to a bank to be sent to the county treasurer for the payment of his taxes is entitled to a preference if before reaching the treasurer the bank passes into the hands of defendant for liquidation. Winkler v. Veigel, 176 Minn. 384, 223 N. W. 622.

It seems to us that the county, having receipted for the taxes paid by the landowners to the bank without having received the money from the bank, is entitled to a preference on the theory of subrogation to the rights of the landowners who had so paid the money. While the treasurer perhaps could not personally claim a preference (Brown v. Sheldon State Bank, 139 Iowa, 83, 117 N. W. 289) the county, the plaintiff, under the well considered case of Page County v. Rose, 130 Iowa, 296, 106 N. W. 744, 5 L.R.A.(N.S.) 886, 8 Ann. Cas. 114, and the many authorities therein cited, is entitled thereto.

Defendant attempted to question the allowance of interest. The record fails to show that the matter was presented at the trial. There was no motion to amend the findings, nor was there a motion for a new trial. It should not be raised for the first time on appeal. The record indicates an inadvertent error in the findings and judgment, but that also is to be remedied by the trial court.

The judgment is affirmed.