EDW. R. BAUCK AND ANOTHER v. FIRST STATE BANK OF NEW YORK MILLS, BY A. J. VEIGEL.[1]

June 21, 1929.

No. 27,425.

L. A. Wilson, for appellants.
D. F. Nordstrom, for respondent.

[1]Reported in 225 N. W. 916.

OLSEN, C.

Appeal by plaintiffs from a judgment.

Plaintiffs were dealers in automobiles at Perham in this state. The defendant, First State Bank of New York Mills, hereinafter referred to as the defendant, is a banking corporation, located at New York Mills in this state. On May 11, 1926, the plaintiffs received from one of their customers a check for $1,876.22, drawn upon the Farmers & Merchants State Bank of New York Mills. Plaintiffs on that day deposited the check in their home bank, the Farmers State Bank of Perham, for collection under the usual agreement that said bank was to act only as collection agent and assumed no responsibility beyond the exercise of due care. The check was then sent for collection to a correspondent bank at Duluth, thence to a bank at St. Paul, and by that bank sent for collection to defendant at New York Mills, where it arrived on or about May 15. Defendant then, in the usual course of business on that day, presented the check, with other checks or items, for payment to the Farmers & Merchants State Bank of New York Mills, the bank on which it was drawn. That bank then presented such checks or items as it had on hand for payment by the defendant, and, as is customary in country banking, the two banks adjusted their account for the day by offsetting checks and paying the balance found to the bank having such balance. The balance on that day was found to be in favor of the defendant in the sum of $668.74, which it received in cash. For the balance of the checks presented, it received checks or drafts on itself, drawn by its own depositors or customers in regular course. The defendant has never paid to the plaintiffs, or to the St. Paul bank, or to anyone, any part of the proceeds of said check for $1,876.22, except the sum of $668.74 paid thereon by the commissioner of banks, as hereinafter stated.

On May 12, 1926, plaintiffs received from their customer a second check for $630.93 on the same bank, the Farmers & Merchants State Bank of New York Mills. This check was handled in the same manner and took the same course. It reached defendant on or about May 18, and was on that day presented in the same manner

by defendant to the other bank on which it was drawn. In clearing or offsetting checks on that day, the balance was found to be in favor of the Farmers & Merchants State Bank of New York Mills in the sum of $785.43, which defendant paid. It received in return checks or drafts on itself to the amount of all items presented by it and to the additional amount of the payment so made. Defendant has not paid to the plaintiffs, or to the St. Paul bank, or to anyone, any of the proceeds of plaintiffs' said check for $630.93.

The plaintiffs allege in their complaint that the defendant was insolvent and well known by its officers and agents in charge of its business to be insolvent during all the times hereinbefore mentioned. It closed its doors and was taken over by the commissioner of banks on May 21, 1926, a few days after these transactions took place. The plaintiffs duly filed their claim for the balance unpaid on the two checks as a preferred claim. The commissioner of banks refused to allow it as a preferred claim, except to the extent of $668.74 received in cash by defendant on presentation of the first check, which sum so allowed the commissioner has paid to plaintiffs. This action was then brought to recover the balance so disallowed as a preferred claim. Defendant demurred to the complaint on the ground that it failed to state facts sufficient to constitute any cause of action. The demurrer was sustained. Judgment in favor of defendant was thereupon entered on demurrer, and plaintiffs appealed from the judgment.

The only issue presented is whether the plaintiffs were entitled to preference to the extent of the amount of their two checks so collected by defendant. It is clear that, even irrespective of its insolvency, the defendant was merely a special agent for the collection of checks, and the checks until paid, and the proceeds thereof after such payment, remained the property of the plaintiffs and were received and held by the defendant for remittance to the plaintiffs or their agent, the St. Paul bank, only. So it is conceded that plaintiffs were entitled to a preference to the extent of any proceeds of the checks coming into the hands of the commissioner of banks. The issue narrows down to the question whether the pro-

ceeds from the collection of the checks were received by the defendant in such form as to enhance its assets coming into the hands of the commissioner of banks.

The case of In re Seven Corners Bank, 58 Minn. 5, 59 N. W. 633, follows the older rule, that one seeking to recover trust funds or property from a receiver must trace the identical fund or property into the hands of the receiver. But this rule has been modified by our later decisions.

In Stein v. Kemp, 132 Minn. 44, 155 N. W. 1052, the court held that when the plaintiff traced the fund or proceeds into the hands of the bank, the same were presumed to remain there, and it was then up to the defendant to show otherwise. See also Hudspeth v. Union T. & S. Bank, 196 Iowa, 706, 195 N. W. 378, 31 A. L. R. 466.

In Blythe v. Kujawa, 175 Minn. 88, 220 N. W. 168, this court held that the old rule had been largely departed from and that the present rule is that the identical fund or proceeds need not be so traced, it being sufficient to show that the general assets in the hands of the receiver were necessarily increased by the funds or property coming into the hands of the bank.

In Eastman v. Farmers State Bank of Olivia, 175 Minn. 336, 221 N. W. 236, the bank received funds of the plaintiffs for a special purpose, but used same in the transaction of its own business, applied same in payment of its own obligations, and converted it into other property, which went to make up the general assets of the bank. When the bank was taken over by the commissioner, it had on hand only $885.39 in cash, but had other assets of some $85,000. It was held that plaintiffs' claim for some $17,000 was a preferred claim against the assets, and that the burden of proof went no further than to require plaintiffs to show that the money actually came into the hands of the bank.

In Adams v. Farmers State Bank, 176 Minn. 108, 222 N. W. 576, funds which the bank had no right to use were used by the bank in its general business and went to increase its general assets. It was held that plaintiffs had a preference against the assets of the bank in the hands of the commissioner.

In Winkler v. Veigel, 176 Minn. 384, 223 N. W. 622, cited with approval in County of Traverse v. Veigel, 176 Minn. 594, 224 N. W. 159, plaintiffs had a checking account in the bank and gave the bank or its cashier a check for the sum of $253.23 to be sent to the county treasurer to pay taxes. The bank debited plaintiffs' account with the amount of the check. It attempted to pay the taxes by sending a draft to the county treasurer, but was closed before the draft could be paid and the taxes remained unpaid. It was held that the giving of the check and debiting the amount thereof to plaintiffs' account in the bank amounted to the same thing as a payment to the bank of that much cash. The check was treated as cash, and the bank having retained the amount when it should have paid it to the county treasurer, the funds or assets of the bank were augmented to that extent.

In our present case also the defendant attempted to pay the proceeds of the two checks by issuing its cashier's checks therefor and forwarding one such check to the St. Paul bank, but closed its doors before such checks could be or were paid.

When defendant presented plaintiffs' checks to the bank upon which they were drawn, it received in payment thereof, besides the $668.74 in cash, checks on itself drawn by its depositors. It accepted these checks as so much cash. In regular course of business, it presumably immediately debited the accounts of its depositors with the amount of the checks so received. It thereafter retained funds or assets to the amount of such checks, which funds it should have remitted to plaintiffs or their agent, the St. Paul bank. Following the Winkler case, 176 Minn. 384, 223 N. W. 622, it must be held that the receiving and debiting of its depositors' checks in payment of plaintiffs' checks amounted to the same thing as the receipt of that much cash and augmented the assets of the bank to the same extent. The Winkler case cannot very well be distinguished from the present case.

The judgment appealed from is reversed. Defendant may move in the district court, within 20 days after the going down of the remittitur herein, for leave to answer, if so desired. If no such leave

is applied for and granted, the trial court, on application of plaintiffs, will order judgment in their favor as prayed for in the complaint.

DIBELL, J. took no part.