In the Matter of the BANK OF UNITED STATES, in Liquidation.

In the Matter of the Application of the SUPERINTENDENT OF BANKS for a Determination of Priority of Payment of Claims Pursuant to Section 78 of the Banking Law. (Claim of D. O'NEILL, No. 22–1992.)

SUPERINTENDENT OF BANKS OF THE STATE OF NEW YORK, Appellant; D. O'NEILL, Respondent.

First Department, January 25, 1935.

*Arthur Ofner* of counsel [*Warren C. Fielding* and *Edward V. Mallon* with him on the brief; *Carl J. Austrian*, attorney], for the appellant.

*Frank A. Fritz* of counsel [*Platt, Taylor & Walker*, attorneys], for the respondent.

UNTERMYER, J. On December 10, 1930, the claimant O'Neill had on deposit with the Bank of United States the sum of $10,100. On that date he drew a check to the order of the National City Bank for the entire amount of his deposit in the Bank of United States and deposited it in the National City Bank. That bank on the same day, by messenger, presented the check for payment to the Bank of United States and received a cashier's check of the Bank of United States for $10,100. The parties stipulated that this was in accordance with the usual banking practice designed to dispense with unnecessary transportation of cash in interbank transactions. As a result of the transaction O'Neill's account was debited on the books of the Bank of United States with $10,100 and the account of "Cashiers' Checks Outstanding" was credited with $10,100. On the same day the cashier's check was transmitted for collection by the National City Bank, but on the morning of December eleventh, and before it was paid, the Bank of United States was taken over by the Superintendent of Banks. Thereafter the check was indorsed and delivered by the National City Bank to the claimant.

The question is whether, upon these undisputed facts, the claimant is entitled to priority of payment of his claim against the Bank of United States. Notwithstanding authorities to the contrary in other jurisdictions (*Bauck* v. *First State Bank*, 178 Minn. 64; 225 N. W. 916; *Rainwater* v. *Federal Reserve Bank*, 172

Ark. 631; 290 S. W. 69; *State ex rel. Sorenson* v. *Nebraska State Bank*, 120 Neb. 539; 234 N. W. 82; *Federal Reserve Bank* v. *Millspaugh*, 314 Mo. 1; 282 S. W. 706), it was firmly settled in this State at common law that the claimant would not have been entitled to any preference under the conditions which existed here. (*People* v. *Merchants & Mechanics' Bank*, 78 N. Y. 269, cited with approval in *Baldwin's Bank* v. *Smith*, 215 id. 76.) That rule had the support of many well-considered decisions in other jurisdictions. (*Hecker-Jones-Jewell Milling Co.* v. *Cosmopolitan Trust Co.*, 242 Mass. 181; 136 N. E. 333; *Shull* v. *Beasley*, 149 Okla. 106; 299 P. 149; *Matter of South Carolina Loan & T. Co.*, 150 S. C. 25; 147 S. E. 653; *Leach* v. *Citizens' State Bank*, 203 Iowa, 782; 211 N. W. 522; *Larabee Flour Mills* v. *First National Bank*, 13 F. [2d] 330.) The court at Special Term, rejecting the report of the referee, concluded, however, that the facts entitled the claimant to priority under section 350-l (subdivision 2) of the Negotiable Instruments Law enacted by chapter 589 of the Laws of 1929 and which provides: " Except in cases where an item or items is treated as dishonored by non-payment as provided in section three hundred and fifty-j, when a drawee or payor bank has presented to it for payment an item or items drawn upon or payable by or at such bank and at the time has on deposit to the credit of the maker or drawer an amount equal to such item or items and such drawee or payor shall fail or close for business as above, after having charged such item or items to the account of the maker or drawer thereof or otherwise, discharged his liability thereon but without such item or items having been paid or settled for by the drawee or payor either in money or by an unconditional credit given on its books or on the books of any other bank, which has been requested or accepted so as to constitute such drawee or payor or other bank debtor therefor, the assets of such drawee or payor shall be impressed with a trust in favor of the owner or owners of such item or items for the amount thereof, or for the balance payable upon a number of items which have been exchanged, and such owner or owners shall be entitled to a preferred claim upon such assets, irrespective of whether the fund representing such item or items can be traced and identified as part of such assets or has been intermingled with or converted into other assets of such failed bank."

All the conditions exist here which would entitle the claimant to priority unless his check, drawn upon the Bank of United States, was " paid or settled for by the drawee or payor either in money or by an unconditional credit given on its books or on the books of any other bank, which has been requested or accepted so as to constitute such drawee or payor or other bank debtor therefor."

The claimant's check constituted " an item " within the meaning of the statute (Neg. Inst. Law, § 350-b). It was duly presented for payment to the Bank of United States. At that time there was on deposit an amount sufficient to pay the check and the amount of the check was charged to the claimant's account so as to discharge his liability thereon. Before the claimant can be deprived of the priority to which the statute would otherwise entitle him his check must have been " paid or settled for " either (1) in money or (2) by an unconditional credit given on the books of the Bank of United States so as to constitute that bank " debtor therefor." With the first alternative we are not concerned. As to the second alternative it is to be observed that not only must " credit " be given but that the credit must be " unconditional." If, for instance, the holder receives the draft of the drawee upon another bank, then he cannot be said to have accepted a " credit " (*Ætna Nat. Bank* v. *Fourth Nat. Bank*, 46 N. Y. 82; *Attorney-General* v. *Continental Life Ins. Co.*, 71 id. 325; *Martin* v. *Home Bank*, 160 id. 190), and the case will not be taken out of the operation of the statute. (*Matter of Jayne & Mason*, 140 Misc. 822; *Matter of Brewer Co.*, 144 id. 429; Townsend, The Bank Collection Code, 8 Tulane Law Review [April, 1934], 376, at p. 382.) Again, if he receives a credit which depends upon the collectibility of other items, then, until collection, under the express terms of the statute (§§ 350-a and 350-b), the credit is conditional.

We are, therefore, required to decide whether the cashier's check of the Bank of United States, coupled with the entries on its books, constituted an unconditional credit in favor of the National City Bank. The term " unconditional credit," although frequently recurring, is nowhere defined throughout article 19-A of the Negotiable Instruments Law. That article, commonly known as the Bank Collection Code, in many respects has revolutionized the ancient principles pertaining to the collection of commercial paper by banks. (See Brady, Uniform Negotiable Instruments Act, p. 107 *et seq.*) Construing together all the provisions of that article, the term " unconditional credit " can only mean a credit which may not be withdrawn, even if it is eventually found that the item for which it is given is not collectible. It imports a credit which is not " revocable " under section 350-a nor " provisional " under section 350-b. That it does not include a draft of the drawee upon another bank is very evident not only from the nature of the transaction but from section 350-h, which, in specifying the medium in which a collecting bank is authorized to receive payment, expressly discriminates between an unconditional credit and a draft of the drawee upon any bank other than itself.

A cashier's check issued by a bank, however, is not an ordinary draft. The latter is a bill of exchange payable on demand. It is an order upon a third party purporting to be drawn upon a deposit of funds. (*Drinkall* v. *Movius State Bank*, 11 N. D. 10; 88 N. W. 724; *State* v. *Tyler County State Bank*, [Tex.] 277 S. W. 625.) A cashier's check is of a very different character. It is the primary obligation of the bank which issues it (*Nissenbaum* v. *State*, 38 Ga. App. 253; 143 S. E. 776) and constitutes its written promise to pay upon demand (*Steinmetz* v. *Schultz*, 59 S. D. 603; 241 N. W. 734). It has been said that a cashier's check is a bill of exchange drawn by a bank upon itself, accepted in advance by the very act of issuance. (*Kohler* v. *First National Bank*, 157 Wash. 417; 289 P. 47; *Causey* v. *Eiland*, 175 Ark. 929; 1 S. W. [2d] 1008; *Walker* v. *Sellers*, 201 Ala. 189; 77 So. 715; *Anderson* v. *Bank of Tupelo*, 135 Miss. 351; 100 So. 179; *Montana-Wyoming Assn.* v. *Commercial Bank*, 80 Mont. 174; 259 P. 1060.) Such being the nature of the obligation which was accepted in exchange for the claimant's check, it seems clear to us that it created an unconditional credit in favor of the National City Bank which was reflected by appropriate entries on the books of the Bank of United States. (*Matter of Bank of United States*, 264 N. Y. 414.) The Bank of United States remained the debtor, and the only debtor, to the holder of its cashier's check for the amount of the deposit. It follows that the claimant was not entitled to any priority in the payment of his claim.

The order denying the motion to confirm the referee's report should be reversed, with twenty dollars costs and disbursements, and the motion to confirm granted.

MARTIN, P. J., MERRELL and O'MALLEY, JJ., concur.

Order reversed, with twenty dollars costs and disbursements, and motion to confirm referee's report granted.