JAS. T. PUCKETT et al. v. ABNER ALEXANDER, Adm'r of
W. C. PUCKETT, et al.

*Contract, Void and Voidable—Physicians—Practice of Medicine—Statutes—Consideration.*

A physician received a diploma from a regular medical college in 1867, but had not been licensed to practice as prescribed by the statute (*The Code*, vol. 2, ch. 34); he rendered professional services in 1883 to one P., for which he presented a bill, which P. promised to pay, but died before doing so ; the physician administered on the estate and retained from the assets the amount of his account: *Held,*

1. The contract under which the services were rendered, being absolutely prohibited by §§ 3122 and 3132, *The Code*, was void in its inception.

2. That ch. 261, Laws 1885, did not infuse any vitality into the contract, because, (1) that act was prospective only in its operations; and (2), if it had been retroactive it could not have created a liability which, theretofore, did not exist; had the contract been *voidable* only, the consequence would have been different.

3. The promise, by the intestate, to pay, was without sufficient consideration, and no enforcible contract could be based thereon.

4. Where the contract is *void*, no subsequent express promise will operate to charge the promisor, even though he has received a benefit from the contract, or there is a moral obligation to support it.

CIVIL ACTION, heard by *Graves, J.,* at Fall Term, 1887, of TYRRELL Superior Court.

The action was begun by the plaintiffs, distributees of W. C. Puckett, against the defendants, his administrator, and the sureties of his administration bond, for an account and settlement of that estate. The matter was referred to the Clerk, who filed his report and credited the defendant with the sum of $325 for medical services to the deceased for the year 1883. To this allowance the plaintiffs duly excepted and appealed, and this exception was the only matter heard and determined by the Court A jury trial was waived and the case submitted to the Judge on the following facts:

Abner Alexander, the defendant administrator, held a diploma, obtained in 1876 from a regular medical college, and had been practicing medicine constantly since then. He was never licensed by the Board of Medical Examiners for the State of North Carolina, as required by the laws of North Carolina, ch. 34, vol. 2, *The Code,* nor had he ever applied for license. He was employed by the intestate, Puckett, to attend him as a physician during the year 1883, and his bill for medical services was presented to Puckett during his life, and he promised Alexander to pay the same. Alexander retained his said bill, $325, out of this intestate's estate, and to the report of the Clerk allowing it the exceptions were taken.

Upon the facts agreed the Court sustained the plaintiffs' exceptions, and pronounced judgment accordingly. From this ruling and judgment defendants appealed.

*Mr. W. D. Pruden,* for the plaintiffs.
*Mr. E. F. Aydlett,* for the defendants.

SHEPHERD, J. The act of Assembly of 1852, ch. 258, § 2, re-enacted by § 3122 of *The Code,* provides that "no

person shall practice medicine or surgery, nor any of the branches thereof, nor in any case prescribe for the cure of diseases, for fee or reward, unless he shall be at first licensed to do so in the manner hereinafter provided : *Provided,* that no person who shall practice in violation of this chapter shall be guilty of a misdemeanor." Section 2 of the same act, re-enacted by § 3132 of *The Code,* provides that such persons shall not be entitled to sue for or recover before any Court for such services. The defendant has been constantly practicing medicine since he received a diploma from a regular medical college in 1867, and "for fee or reward" rendered the services in 1883 which constitutes the basis of his claim in this action. The performance of such services for fee or reward was absolutely prohibited by the statute, and the contract was, therefore, void in its inception. It is immaterial whether the act of the defendant was *malum in se* or one merely *malum prohibitum.*

RUFFIN, C. J , in *Sharp* v. *Farmer,* 4 D. & B., 122, says, that the distinction between these " was never sound, and is entirely disregarded ; for the law would be false to itself if it allowed a party, through its tribunals, to derive advantage from a contract made against the intent and express provisions of the law."

The defendant, however, insists that vitality is given to this void contract by ch. 261, acts 1885, which provides that sec. 3132 of *The Code* be amended " by adding after the last word of said section the words: *Provided,* that this section shall not apply to physicians who have a diploma from a regular medical college prior to January the 1st, 1880."

What effect this proviso has upon § 3122 by way of repealing its prohibitory features as to such cases, we are not now called upon to decide, as the amendatory act is clearly prospective, and does not affect the case before us. *Richardson* v. *Dorman, Ex't'x,* 28 Ala., 681 ; Dwarris on Statutes, 162, *et*

102—7

*seq.* Even if the statute were in terms retroactive, and repealed § 3122, it could not have the effect of *creating* a liability. "A contract, void at the time of its inception, cannot be validated by subsequent legislation, and if it violates, when made, a statute, the repeal of that statute does not make it operative." Wharton's Law of Contracts, vol. 1, § 368. If the contract had not been *void* by reason of § 3122, the defendant would have been entitled to enforce his claim after the passage of the amendatory act, the effect of which was to remove the disability to sue imposed by § 3132, that section not affecting the right, but the remedy only. *Hewit* v. *Wilcox*, 1 Metcalf, 154.

It is further contended that, notwithstanding this construction of the several acts of Assembly, the defendant is entitled to enforce his claim, by reason of the express promise of his intestate to pay for the services. The date of this promise does not appear from the case prepared by the Court below.

The record shows that administration was granted before the passage of the act of 1885. However this may be, we are of the opinion that, the contract being void in its inception, there was no consideration to support the promise, and it is, therefore, ineffectual to sustain the defendant's demand. The doctrine of a purely moral consideration being sufficient to support an express promise, attributed to Lord Mansfield, was, as is said by Mr. Wharton in his work on Contracts, *supra*, sec. 512, "soon abandoned in his own Court, and it is now settled, both in England and the United States, that no merely moral obligation, no matter how strong, can support a promise unless the benefit from which the obligation arises was conditioned on the promise."

In the elaborate note to the case of *Wenall* v. *Adney*, 3 Bos. & Pul., 252, the true rule, it seems to us, is laid down : "That if a contract between two persons be void and not merely voidable, no subsequent express promise will operate to charge the party promising, even though he has

derived a benefit from the contract." This view is fully sustained in *Felton* v. *Reid*, 7 Jones, 269, and in Smith on Contracts, 203, where the author quotes, with approval, the language of TINDALL, C. J., that "a subsequent express promise will not convert into a debt that which, of itself, was not a legal debt."

We are of the opinion that there was no error, and that the judgment should be affirmed.

Affirmed.