Filed Dec. 21, 1893.

---

No. 1,012.

HOCHSTETTLER *v.* MOSIER COAL AND MINING COMPANY.

MINES AND MINING.—*Falling In of Mine.*—*Right of Action.*—*Failure to Furnish Timbers for Props, etc.*—*Statutory Requirement.*—*Negligence.*—*Personal Injury.*—*Damages.*—Where, during the operation of the statute of March 6, 1885, requiring the owners or operators of coal mines to supply the workmen therein with suitable timber for props and supports to secure the workings from falling in, an employe therein, by reason of a failure to furnish such timbers, was injured by the falling in of the mine, but an action for such injuries was not commenced until after the taking effect of the act of March 9, 1891,

Hochstettler *v.* Mosier Coal and Mining Company.

relating to the same subject, there was a right of action against the operator of the mine, whether conferred by the act of 1885 or not, such right of action for negligence being given by common law; and the question whether or not the act of 1885 was repealed by that of 1891 can make no difference, as the statute of 1885 only defined what should be regarded as negligence *per se* in that particular.

SAME.—*Contributory Negligence.—When Sufficiently Negatived.—Complaint.*—In such case, the complaint alleged that "without any fault or negligence on his part the slate which composed the roof in said mine at the point where he was at work fell upon him, greatly injuring him," etc., also averring that at the time the roof fell in upon him, he "was using all due care," and "had no knowledge of the unsafe and dangerous condition of the roof." These several averments, when construed together, are equivalent to one that the injury was incurred without any fault or negligence on appellant's part.

SAME.—*Complaint, Sufficiency of.—Assumption of Risk of Employment. —Failure of Operator to Discharge Statutory Duty.*—Nor does the fact that the complaint, in such case, avers that plaintiff requested defendant, three days before the injury occurred, to furnish the caps and props "so that he [plaintiff] might make said neck or room secure and safe," disclose such a state of facts as would cast upon plaintiff the assumption of the risk of the employment, after defendant's refusal to furnish the supports.

From the Clay Circuit Court.

*S. W. Curtis, C. McNutt, J. G. McNutt* and *G. A. Knight,* for appellant.

*E. S. Holliday* and *G. A. Byrd,* for appellee.

REINHARD, J.—The appellant sued the appellee for damages, alleged to have been sustained by him as the result of a personal injury received from the caving in of the roof of a coal mine or shaft in which he was at work while in the employ of the appellant as a coal miner. The sustaining of the appellee's demurrer to the complaint is the only error assigned and discussed. The complaint proceeds upon the theory of negligence on the part of the appellee in failing to comply with the provisions of section 3, p. 66, of the act approved March 6, 1885, requiring the owners or operators of coal mines to sup-

ply the workmen therein with suitable timber for props and supports to secure the workings from falling in. Elliott's Supp., section 1758. It is contended by appellee's counsel that this section was repealed by implication by the act approved March 9, 1891 (Acts 1891, page 57), and that for this reason no liability existed at the time this action was instituted.

No special right of action was conferred, in terms, by this statute, but it made the failure to supply the appliances described in the section quoted, an act of negligence *per se*, on the part of the mine owner, agent, or operator.

The act approved March 9, 1891, reënacted the substantial provisions of the section hereinbefore quoted, provided penalties for the violation thereof, and conferred a special right of action in damages to any person injured by reason of failure on the part of the mine owner, agent, or lessee.

It is agreed by the parties that the right of action in this case, if any, accrued while the act of 1885 was in full force. It is also agreed that when the present action was commenced the law of 1891 was in force, and if it had the effect of repealing the act of 1885, the latter had ceased to operate when this action was instituted.

It is the contention of appellee's counsel, and this seems to have been the conclusion reached by the court below, that inasmuch as the act of 1885 was repealed when this action was commenced, the reënactment of the section by the law of 1891 did not save the appellant any rights he might have had under the former law, and that hence no recovery can be had in this action. Appellant's counsel, on the other hand, contend that by virtue of another statutory provision all his rights under the repealed act are saved to him.

The section of the statute just alluded to is as follows:

"Whenever an act is repealed which repealed a former act, such act shall not thereby be revived, unless it shall be so expressly provided. And the repeal of any statute shall not have the effect to release or extinguish any penalty, forfeiture or liability incurred under such statute, unless the repealing act shall so expressly provide; and such statute shall be treated as still remaining in force for the purpose of sustaining any proper action or prosecution for the enforcement of such penalty, forfeiture, or liability." R. S. 1881, section 248.

It will be observed that the only feature calculated to save any rights in this section is in respect to the right of recovering a penalty or forfeiture, or upon a liability incurred under.the act repealed. The contention of appellant's counsel is met by appellee's counsel by the argument that the act of 1885 does not create any liability or confer any right of action, and that hence nothing could have been saved to the appellant by virtue of section 248, *supra*. In this view of the law we can not concur. We incline to the opinion that the failure to comply with the statutory requirements constituted negligence *per se*, and, if injury resulted, there was a right of action in the appellant, and a liability on the part of the appellee, at the time the injury was incurred. If such right was created, and such liability existed, solely by virtue of the act of 1885, then it was saved by reason of section 248, *supra*.

But if the law of 1885 conferred no such right and created no such liability, then the same existed by virtue of the common law and independently of the statute, otherwise there would have been no such right or liability even while the statute was in force,—a position not sought to be maintained by the appellee.

If we take the view that the right and liability existed independently of the act of 1885, it must have been be-

cause negligence was actionable at common law, and the statute in question only defined what should be regarded as negligence in this particular.

In either case there was a liability and a right of action at the time the injury was sustained, and the question whether or not the act of 1885 was repealed by that of 1891 can make no difference. We think that if the appellee violated the statutory duty as set forth in the complaint, and an injury resulted to the appellant without his fault, the appellee is liable to the appellant, and the present action must be upheld.

It is further insisted, however, on behalf of appellee, that, even if the complaint is sufficient in this respect, it is radically defective for the further reason that it fails to aver the appellant's freedom from contributory fault.

The complaint contains a statement that "without any fault or negligence on his (appellant's) part, the slate which composed the roof in said mine at the point where he was at work fell upon him, greatly injuring him," etc.

This averment is not equivalent to one that the injury occurred without appellant's fault. The appellant may not have been guilty of any negligence in connection with the falling in of the roof, and he may yet have contributed in some way to the injury; as, for example, by going into the mine shortly before the collapse, when he was aware of the impending danger.

In another portion of the complaint it is averred that at the time the roof fell upon him, the appellant "was using all due care, and had said defendant furnished him said props and caps, as the law provides, and as he demanded, as aforesaid, he would not have received the injuries herein complained of."

We do not think this averment supplies the place of one that appellant was free from fault in sustaining the

injury. He may have been at fault in venturing into the mine when the roof was in apparent danger of collapsing, or when he had otherwise received knowledge of the danger, and yet without fault in causing the roof to fall. Nor does the statement that the injury would not have occurred but for the negligence of the appellee, cure the vice in the complaint. All these averments may be literally true, and yet the appellant may have been guilty of the grossest negligence.

There is still another averment in the complaint, however, which, we think, supplies the defect in this respect. It is averred that appellant had no knowledge of the unsafe and dangerous condition of the roof, he having been at work in said mine for only ten days before the injury occurred.

We are of opinion that if appellant was ignorant of the dangerous condition of the roof he could not have been at fault in entering the mine prior to, and remaining in the same up to, the time of the accident; and that if, when the roof caved in, he was in the exercise of due care, he must have been without fault when the injury was sustained. The several averments, when construed together, are equivalent to one that the injury was incurred without any fault or negligence on appellant's part.

Nor do we think the complaint discloses such a state of facts as would cast upon the appellant the assumption of the risk of the employment, after the appellee's refusal to furnish the supports. The mere fact that appellant demanded of appellee the compliance with the statutory requirement three days before the injury occurred, does not necessarily imply that appellant had any knowledge that the roof was in danger of falling in. It is true that the complaint states that appellant requested appellee to furnish him such props and caps, "so that he

might make said neck or room secure and safe"; but this can not be taken as an admission that appellant knew the roof to be unsafe, in the face of the direct averment that he was ignorant of the unsafe and dangerous condition of the mine.

It is easy to see, we think, how there might have been some danger anticipated against which the appellant desired to protect himself, although such danger was not at the time apparent or known to him. The statute under consideration, as well as the later one upon the subject, was designed to protect the employes in mines from dangers not only apparent and imminent, but also from those remote and not apparent. If the rule contended for should be adopted, the statute would furnish such employe but little protection.

The mere refusal of the owner to furnish the safeguards provided for by the statute would then be sufficient to exonerate him from liability if the employe continued in the work and sustained an injury in the manner set out in the complaint, for it could be argued with equal plausibility, in every other such case, that the mere demand for the safeguards, coupled with an expression that they were required to guard against danger, was indicative of a knowledge of the hazardous condition of the mine.

We think the complaint sufficiently shows the appellant's freedom from contributory fault, and is otherwise sufficient to withstand the demurrer.

Judgment reversed.

Filed Dec. 19, 1893.