MARY GALVIN, administratrix, *vs.* OLD COLONY RAILROAD COMPANY.

Bristol.     October 22, 1894. — January 2, 1895.

Present: FIELD, C. J., ALLEN, KNOWLTON, MORTON, & LATHROP, JJ.

*Personal Injuries — Railroad — Master and Servant — Action — Negligence.*

A., who was employed by a railroad corporation as a freight handler, was told to go with B., another employee, on to one of the railroad piers and get a barrel of goods.   Instead of following B., he walked along a narrow passageway between a railroad track and a cotton platform, the distance between the rail and the platform being three and a half feet throughout its length, which was not designed to be used in this way, although it was sometimes so used.   There was a safer, though longer, way provided, which B. took.   A., without looking

to see whether a locomotive engine was coming, proceeded along the shorter way, and was struck by an engine while standing with his back to the platform and his truck held in front of him, and was injured. He was familiar with the premises, having worked there a year or more. There were several tracks on the pier, the engine was going up and down the tracks all day long, and the time of the accident was "just the busy time." *Held*, in an action against the corporation for his injuries, that A. was not in the exercise of due care; and that the action could not be maintained.

*It seems*, that a jury would not be warranted in finding negligence on the part of the engineer of an engine running back and forth on the tracks of a railroad pier, in not sounding the whistle or ringing the bell to warn an employee of the railroad corporation who is familiar with the premises, and who is walking along a narrow passageway not intended for use, though sometimes used, at the side of a track and between it and a platform used for freight, in the performance of his work as a freight handler; it not being customary to give such warning, the employees being accustomed to look out for themselves.

Tort, for personal injuries occasioned to the plaintiff's intestate, Michael Galvin, while in the employ of the defendant corporation as a freight handler, by being struck by the defendant's locomotive engine through the alleged negligence of the engineer. At the trial in the Superior Court, before *Braley*, J., the jury returned a verdict for the plaintiff; and the defendant alleged exceptions. The facts sufficiently appear in the opinion.

*J. H. Benton, Jr. & C. F. Choate, Jr.*, for the defendant.

*J. W. Cummings*, (*C. R. Cummings* with him,) for the plaintiff.

Lathrop, J. Taking the most favorable view of the evidence in this case for the plaintiff, we are of opinion that she is not entitled to recover. Her intestate was injured while using a narrow passageway between a railroad track and a cotton platform, which was not designed to be used in this way, although it was sometimes so used. There was a safer way, though longer, provided. Galvin was told to go on to the pier with O'Brien and get a barrel of oysters. Instead of following O'Brien, who took the safer way, he chose the shorter way, and then, without looking to see whether the locomotive engine was coming, proceeded along this way with his truck. He was familiar with the premises, having worked there a year or more. The place of the accident was a pier, where there were several tracks, and the locomotive engine was going up and down the tracks all day long, and the time of the accident was "just the busy time." The evidence shows that the intestate, being warned by the shout of a fellow workman, turned round, and, seeing the

engine close upon him, backed up to the platform, holding his truck in front of him, and was struck by the engine.

There is no evidence in the case to show that it was customary for the engineer to ring the bell or blow the whistle as a warning to the employees on the pier, and they therefore had no right to rely upon a warning being given. So far as the evidence goes, it shows that the men were accustomed to look out for themselves. The way used by Galvin was of the same width throughout its length. There was, therefore, no trap, and the case is thus distinguishable from *Ferren* v. *Old Colony Railroad,* 143 Mass. 197.

If it be said that there was need of haste, and that therefore Galvin was justified in using the shorter way, the answer is that there is no evidence that there was not time enough to go by the longer and safer way, and, moreover, he was directed to go with O'Brien, who went by the latter way.

It would seem also that there is no evidence which would warrant the jury in finding negligence on the part of the engineer. His act in not sounding the whistle or ringing the bell is the only negligence charged. It is to be remembered, however, that Galvin was not walking upon the track, but at the side of it. While the distance between the rail and the platform is stated to be three and a half feet, there is no evidence as to how much the locomotive engine projected beyond the rail. For aught that appears, there was no reason for the engineer to suppose that there was not room enough to pass in safety. It certainly could not have been anticipated by the engineer that Galvin, when he stood with his back to the platform, would place his truck in front of him and thus lessen the distance.

It is not necessary to decide this point, however, as we are of opinion that, upon the evidence, the plaintiff either took the risk or was not in the exercise of due care, and that the first and second requests for rulings should have been given.* *Shea* v. *Boston & Maine Railroad,* 154 Mass. 31. *Lynch* v. *Boston & Albany Railroad,* 159 Mass. 536. *Aerkfetz* v. *Humphreys,* 145 U. S. 418, 419.          *Exceptions sustained.*

---

* These requests were as follows: "1. Upon all the evidence the plaintiff cannot recover.  2. There is no evidence that Galvin was in the exercise of due care."