HANNAH O'BRIEN, administratrix, *vs.* STAPLES COAL
COMPANY.

Bristol.    October 28, 29, 1895. — March 2, 1896.

Present: FIELD, C. J., KNOWLTON, MORTON, LATHROP, & BARKER, JJ.

*Assumption of Risk — Due Care.*

An employee who is injured by an apparatus which had been used many times in
the yard before the accident, which he had helped put up on the morning of
the day when the accident occurred and on previous occasions, and upon
which he had worked during the morning and part of the afternoon of the day
of the accident, must be held to have assumed the risk, and cannot recover for
the injuries, especially if, at the time of the injury, he was in a part of the yard
in which he had no right to be.

TORT, by the administratrix of the estate of Daniel O'Brien,
for personal injuries occasioned to her intestate while he was in
the defendant's employ by being caught by a rope connected
with the drum of an engine at one end, the other end of which
ran through a block nearly a hundred feet from the engine to
another engine and was fastened to a scoop which was used for
levelling off coal between two runs in the coal yard.   The decla-
ration was under the employers' liability act, St. 1887, c. 270.

Trial in the Superior Court, before *Hopkins,* J., who, at the
close of the plaintiff's testimony, and at the defendant's request,
directed the jury to return a verdict for the defendant; and the
plaintiff alleged exceptions.   The facts appear in the opinion.

*J. W. Cummings & E. Higginson,* for the plaintiff.

*A. J. Jennings & J. M. Morton, Jr.,* for the defendant.

LATHROP, J.   On the evidence in this case, we are of opinion
that the ruling below was right.   All of the evidence came from
the plaintiff's witnesses.   The plaintiff's intestate had been em-
ployed by the defendant and its predecessors in the same busi-
ness for fifteen years; and had been employed in the yard where
the injury happened for seven or eight years.   The apparatus
which caused the injury had been used many times in that yard
before the accident for three or four years.   He had helped put
it up the morning of the day he was hurt, and on previous occa-
sions.   He had worked on it during the morning and part of the
afternoon of the day of the accident.

There was nothing in the line of the intestate's duty which required him to cross the coal where the rope was, and he had been forbidden to cross there several times. The apparatus was worked that day as usual, the rope touching the ground or coal every three or four minutes, and then being hauled taut, which would bring it eighteen or twenty feet in the air.

He was in a part of the yard where he had no right to be. The danger of being hoisted in the air if he attempted to step over the rope when it was on or near the ground was an obvious one, and was as well known to him as to any one. Whether we say that he assumed the risk or was not in the exercise of due care, the result is the same, and no recovery can be had for the accident. *Feely* v. *Pearson Cordage Co.* 161 Mass. 426. *Goodes* v. *Boston & Albany Railroad,* 162 Mass. 287. *Galvin* v. *Old Colony Railroad,* 162 Mass. 533.      *Exceptions overruled.*