## MIAMI COAL COMPANY v. KANE.

[No. 6,862.   Filed December 7, 1909.   Rehearing denied February 23, 1910.]

1. MASTER AND SERVANT.—*Coal Mines.*—*Props.*—*Assumption of Risk.*—*Instructions.*—An instruction that a coal miner who works, knowing that the master has failed to furnish props or timbers with which to secure his roof, is not thereby precluded from a recovery for injuries sustained thereby, and that the risks assumed by the miner are those only which occur after the master has performed the duties imposed by law, is correct. p. 393.

2. MASTER AND SERVANT.—*Coal Mines.*—*Imposed Duties.*—*Contributory Negligence.*—*Instructions.*—An instruction that the mining statute (§8580 Burns 1908, Acts 1905, p. 65, §12) was designed to protect miners not only from apparent, but also from remote and latent dangers, and that a miner injured because of a violation of such statute can recover therefor, unless he has notice of imminent or immediate danger, is not erroneous. p. 393.

3. MASTER AND SERVANT.—*Coal Mines.*—*Defective Roofs.*—*Notice.*—*Assumption of Risk.*—*Instructions.*—The refusal to give an instruction that if a servant in a coal mine knew of a defective and dangerous condition in the roof of his room and failed to notify the mine boss thereof, and continued to work in such defective and dangerous room, he cannot recover, is not prejudicial to defendant, where another instruction covered the subject of contributory negligence. p. 394.

4. MASTER AND SERVANT.—*Coal Mines.*—*Violation of Rules or Law by Servant.*—*Contributory Negligence.*—The violation of a rule by a servant, which contributes to such servant's injury, prevents a recovery by such servant. p. 395.

5. MASTER AND SERVANT.—*Violation of Statute or Rules.*—*Contributory Negligence.*—*Proximate Cause.*—The violation of a statute, or the rule of his master, by the servant, precludes a recovery of damages by him, where such violation was the proximate cause of the injury. p. 395.

6. MASTER AND SERVANT.—*Coal Mines.—Statutes.—"Unsafe Place."* *—Contributory Negligence.—Question for Jury.*—Whether a servant is guilty of contributory negligence in failing to notify the mine boss of an "unsafe place" (§8580 Burns 1908, Acts 1905, p. 65, §12), of which he has knowledge, or in remaining in an "unsafe place," after notice, is a question for the jury.   p. 396.

From Putnam Circuit Court; *John M. Rawley,* Judge.

Action by Lawrence Kane against the Miami Coal Company. From a judgment for plaintiff, defendant appeals. *Affirmed.*

*Lamb, Beasley & Sawyer* and *S. A. Hays,* for appellant.

*A. C. Miller, George A. Knight* and *G. S. Payne,* for appellee.

COMSTOCK, J.—Appellee brought this action to recover damages for personal injuries alleged to have been sustained by appellee while in the employ of the appellant as a coal miner working in appellant's mine, because of the alleged negligence of appellant in failing to visit appellee's working place through its mine boss, to supply a blackboard upon which appellee could register his request for timbers, and to furnish appellee with suitable props and timbers at his working place, to secure the roof of his room, as a result of which alleged negligence the roof of appellee's working place caved in and caused the injuries complained of. Appellant's demurrer to the amended complaint for want of facts was overruled and appellant answered by a general denial. A trial by jury resulted in a verdict for $3,000 in favor of appellee. Judgment was rendered upon the verdict, and appellant's motion for a new trial was overruled. This action of the court is relied upon for a reversal of the judgment.

The only reasons for a new trial discussed were the giving to the jury of instructions nine and ten, requested by appellee, and the refusal to give instruction nine, requested by appellant.

Said instruction nine, given, informed the jury that the

continuing of a miner in the employ of the owner or operator of a coal mine, with knowledge of the fact that such 1. owner or operator is guilty of a breach of duty to furnish props or timbers with which to secure the roof of the working place of such miner, would not prevent a recovery for an injury suffered by such miner by reason of such breach of duty on the part of the owner or operator, and that the risks which a miner assumes on entering upon his employment are those only which occur after the due performance by the employer of those duties which the law imposes.

Said tenth instruction told the jury that the duty of furnishing props, etc., was imposed by statute; that the statute was designed to protect the employes in mines from 2. dangers not only apparent, but also those remote and not apparent; that such safeguards are required by law, and, in the absence of notice of imminent or immediate danger, an employe is not required to quit work because the operator fails to comply therewith, but if, while in said employment, he is injured because of such failure, it is no defense to an action brought for injury or death to prove that such operator neglected to perform its duty in that behalf, and that such miner had knowledge of such fact. These instructions are sustained by numerous decisions of this State. The risks assumed by the servant are only such as arise after the master has discharged his statutory duty. *Davis* v. *Mercer Lumber Co.* (1905), 164 Ind. 413; *American Rolling Mill Co.* v. *Hullinger* (1904), 161 Ind. 673; *Island Coal Co.* v. *Swaggerty* (1903), 159 Ind. 664; *Monteith* v. *Kokomo, etc., Co.* (1902), 159 Ind. 149, 58 L. R. A. 944; *Davis Coal Co.* v. *Polland* (1902), 158 Ind. 607, 92 Am. St. 319; *Hochstettler* v. *Mosier Coal, etc., Co.* (1893), 8 Ind. App. 442; *Buehner Chair Co.* v. *Feulner* (1902), 28 Ind. App. 479.

Said instruction nine, requested by appellant, reads as

follows: "The law makes it the duty of one working in a
coal mine, when he shall learn of an unsafe place,
3.    to notify the mine boss thereof, and to take a receipt
from such mine boss acknowledging the unsafe con-
dition so reported. The law also makes it the duty of such
person, after having reported such unsafe condition, not to
return to work at such unsafe place until permission to do
so shall have been given him by the mine boss. So in this
case, if you find from a preponderance of the evidence that
the plaintiff's room wherein he was assigned to work had be-
come defective and dangerous because of the defective con-
dition of the roof of said room, that the plaintiff knew of
such defective and dangerous condition and failed to notify
the mine boss of such dangerous and defective condition,
but, with knowledge thereof on his part, continued to work
in the room assigned to him and under such dangerous
and defective roof, and was thereby injured because of
such defective and dangerous condition of said roof, said
acts upon the part of the plaintiff would be acts of negli-
gence contributing to his injury. And if you so find, the
plaintiff is not entitled to recover. and your finding should
be for the defendant."

Appellant insists, not that the appellee had knowledge of
some failure upon the part of the appellant to furnish props
—the question of timbers or props was not involved in the
instruction—but that he had knowledge of a dangerous con-
dition existing in his working room, of such a character that
it was his duty, under a positive statute, to inform the mine
boss of the defective condition of his room, and to refuse
longer to work therein until it had been made safe. The
following is the evidence of appellee's knowledge of the
dangerous condition of the roof: Very shortly after the ap-
pellee had been injured, and before he had been removed
from the mine, a fellow miner asked him the following:
"Didn't you know that that slate was bad?" To which he

answered: "Yes, Mr. James, I knew it was, but I thought I could get that little shot off till I had timber—till the timber came." This evidence was contradicted by appellee. Appellee testified that on the morning of the accident he sounded the roof. He put one hand against the roof and hit it with a pick to tell whether it was sound; sounded it all over the room he expected to work under, and the roof appeared to be solid.

The statute provides (§8580 Burns 1908, Acts 1905, p. 65, §12): "Whenever any person working in said mine shall learn of such unsafe place he shall at once notify the mine boss thereof and it shall be the duty of said mine boss to give him, properly filled out, an acknowledgment of such notice of the following form: * * * But no person shall return to work therein until such repairs have been made and permission given." This provision of the statute, making it the duty of the miner to inform the mine boss of the defective condition of his room, is a material part of the statute. This duty imposed upon the servant is apart from that of the master to furnish props, etc., a duty that is not dependent upon the request of the employer.

It has been held that the violation of a rule of an employer by the employe, which violation contributed to his injury, is such negligence as will prevent the recovery of damages, although the employer may have been negligent. *Lendberg* v. *Brotherton Iron Mining Co.* (1893), 97 Mich. 443, 56 N. W. 846; *O'Brien* v. *Staples Coal Co.* (1896), 165 Mass. 435, 43 N. E. 181; *Payne* v. *Chicago, etc., R. Co.* (1896), 136 Mo. 562, 38 S. W. 308.

The violation of a rule of the employer or of a statutory duty upon the part of a servant is contributory negligence of an aggravated character. Such violation of duty, however, to be available to defeat his recovery, must appear to have proximately caused or have contributed to the accident to which the injury in question is

imputed. *Diamond Block Coal Co.* v. *Cuthbertson* (1906), 166 Ind. 290, and cases cited; *Broschart* v. *Tuttle* (1890), 59 Conn. 1, 21 Atl. 925, 11 L. R. A. 33; *Newcomb* v. *Boston Protective Department* (1888), 146 Mass. 596, 16 N. E. 555, 4 Am. St. 354; *Damon* v. *Inhabitants of Scituate* (1875), 119 Mass. 66, 20 Am. Rep. 315; *Monroe* v. *Hartford St. R. Co.* (1903), 76 Conn. 201, 56 Atl. 498.

The language of the statute is that when the miner "shall learn of such unsafe place," etc. Whether safe or not could only be a matter of opinion until actual demonstration in some way had been made. Appellee's testimony and his admission show that in his opinion the roof was safe, for the time at least. To have given the instruction in question without qualification would have taken from the jury the question of what constitutes contributory negligence as measured by the rule of conduct of a man of ordinary prudence under like circumstances, and made it depend solely upon the fact that appellee remained in the mine after he believed the slate was bad, a relative, descriptive term, although in his opinion there was no immediate danger. He had ordered props. He had a right to expect them to be delivered, and the danger was not immediately threatening. As we read the opinion in the case of *Diamond Block Coal Co.* v. *Cuthbertson, supra,* the instruction cannot be approved. We quote from the opinion in the case of *Davis Coal Co.* v. *Polland* (1902), 158 Ind. 607, 619: "If contributory negligence is the issue, knowledge of defective conditions and acquiescence therein may be fatal, may be not; depending upon whether a person of ordinary prudence, under all the circumstances, would have done what the injured person did. If the risk is so great and immediately threatening that a person of ordinary prudence, under all the circumstances, would not take it, contributory negligence is established. If the risk is not so great and immediately threatening but that a person of ordinary pru-

dence, under all the circumstances, would take it, contributory negligence is not established."

The second instruction, given at the request of the appellant, made no reference to the statute, but told the jury plainly that if appellee was informed of the defective and dangerous condition of the roof of his room the day before the accident, and continued to work the next day under said defective roof, when, because of said defective and dangerous condition, it fell and produced the injury of which he complains, he was guilty of contributory negligence and could not recover, although it might find that the appellant had violated its duty of visiting the mine and furnishing timbers for the support of the roof. Without passing upon the correctness of the instruction given, it is sufficient to say that appellant has no reason to complain of the refusal to give said ninth instruction, for in both instructions the continuance of appellee in his work, after knowledge of the defective condition of the roof, was made fatal to his recovery.

Judgment affirmed.