# OSCAR CORNELL v. GREAT NORTHERN RAILWAY COMPANY.[1]

November 4, 1910.

Nos. 16,796—(68).

**Negligence — verdict supported by evidence.**
> Evidence considered, and *held* to sustain a finding by the jury that defendant was negligent and plaintiff free from contributory negligence.

Action in the district court for Ramsey county to recover $25,000 for personal injuries. The answer admitted the loss of plaintiff's hand caused by being struck by the locomotive. The case was tried before Kelly, J., and a jury which returned a verdict in favor of plaintiff for $3,000. From an order denying defendant's motion

[1]Reported in 128 N. W. 22.

for judgment notwithstanding the verdict or for a new trial, it appealed. Affirmed.

*M. L. Countryman,* for appellant.

*Barton & Kay,* for respondent.

O'BRIEN, J.

Plaintiff was assistant station agent at Osakis, upon defendant's railway. As a part of his duties he was required to assist in loading and unloading freight. On December 4, 1908, a freight train from the east arrived at Osakis, and was halted upon the passing track, between which and the station building and platform was the main track. Plaintiff assisted in loading empty beer kegs into a cattle car then in the train, and for that purpose entered the car and placed the kegs in the desired position. Meanwhile the engine hauling the train was used in switching, and, after placing some cars upon a track which was upon the opposite side of the station building, was moved westwardly beyond the switch, and then backed down upon the main track towards a water tank, which was east of the station building; its course thus requiring it to pass between the car in which plaintiff was employed and the station building and platform. Plaintiff, having completed his work in the car, approached the side door, and, as he testified, looking only towards the east, sprang to the ground, and was almost instantly struck by the tender attached to the engine, thrown upon the rail, and injured. Plaintiff testified he took two or three steps before being struck. The engineer said that, when plaintiff jumped from the car, he staggered forward and was struck. Plaintiff had a verdict, and this appeal is from an order denying an alternative motion for judgment or a new trial.

1. The negligence which plaintiff charges was from a failure to give any warning or notice of the approach of the engine, particularly in failing to ring the bell. Defendant's contention is that there was no positive testimony that the bell was not rung; that the evidence upon behalf of the plaintiff consisted only in the statements of certain witnesses that they had not heard the bell, while

several witnesses upon behalf of defendant testified affirmatively that the bell was rung.

An examination of the evidence convinces us that defendant's contention in this respect cannot be sustained; that it was for the jury to say whether or not, under all the evidence, the bell was rung, so as to give plaintiff notice of the engine's approach. One apparently disinterested witness testified positively that when the engine passed him, at a point between three hundred or four hundred feet west of the station building, the bell was not ringing. The fireman upon the engine claimed that he was ringing the bell as the engine was backing down; but, when right at the side of the platform of the depot, he gave the bell a pull and stepped back to climb on the tank, which he did not reach before plaintiff was struck. This is more than merely negative testimony, the value of which must always depend upon circumstances.

Where it is shown that the attention of a witness was otherwise attracted, or his hearing interfered with because of other noises, his statement that he did not hear a bell or whistle will not be permitted to overcome positive evidence that the warning was given. But here we have, not only the positive testimony of a witness that the bell was not ringing at a point something less than four hundred feet away, but the statement of the fireman that he actually released the bell rope before the accident, although at a point, according to his testimony, almost identical with the point of collision, and so near that it is claimed the ringing must have continued until after the plaintiff was struck. This, in connection with the testimony of other witnesses in the vicinity that they did not hear the bell, made it fairly a question for the jury to say whether or not the bell was actually rung, so as to give plaintiff warning of the engine's approach, notwithstanding the positive evidence of others that the bell was ringing.

2. A much closer question is whether the evidence shows conclusively that plaintiff was guilty of contributory negligence. Defendant's claim in this respect is that the plaintiff deliberately placed himself in close proximity to the main track without looking westwardly; that, had he so looked, he could not have failed to have

seen the approach of the engine; and that his failure so to do cannot be excused. There was some evidence in the case that a train from the east was momentarily expected at the station, and that the plaintiff, it is claimed, was justified in assuming that the engine would keep clear of the main track, and that when he looked eastwardly he took all reasonable precautions. We doubt that the verdict could be sustained upon such grounds. If the plaintiff exercised such nice judgment with reference to the movement of the trains, we imagine he would have looked in both directions, and so have seen the engine.

We hold, however, in accordance with the previous decisions of this court, that employees of a railway company, who are required to perform their duties in or about railroad trains and yards, and to use considerable haste in such performance, cannot be held to exercise the same deliberate care for their personal safety as must those not so situated. One driving or riding upon a highway and approaching a railroad crossing is required to use considerable care in order to satisfy himself that he may go upon the track with safety; but the same degree of care is not required of those whose duties are all performed in and about the tracks and yards. In addition to this, the employee so engaged is justified in assuming that his presence in a place of danger is known, and that particular warning will be given him of any special danger. Thus those in charge of the engine knew that freight was being delivered and received at the station. They knew that, in order to place freight upon the train, it would be necessary for those doing so to cross the main track. It is fair, also, to presume that the persons so employed were expected to use as much haste as possible; that they were liable to become absorbed in the performance of their duties.

It may be said that most of these considerations aggravate the negligence of the defendant, but have no reference to plaintiff's negligence; but what would or would not be negligence upon plaintiff's part necessarily depended upon his comprehension of the situation and what reasonable expectations he might have had with reference to the conduct of others. Jordan v. Chicago, St. P., M. & O. Ry. Co., 58 Minn. 8, 59 N. W. 633, 49 Am. St. 486; Graham

v. Minneapolis, St. P. & S. S. M. Ry. Co., 95 Minn. 49, 103 N. W. 714; Joyce v. Great Northern Ry. Co., 100 Minn. 225, 110 N. W. 975, 8 L.R.A.(N.S.) 756; Floan v. Chicago, M. & St. P. Ry. Co., 101 Minn. 113, 111 N. W. 957.

Under all of the circumstances of this case, a majority of the court hold that it was not shown conclusively that defendant was guilty of contributory negligence, and the order appealed from is affirmed.