## JOHN T. BEECROFT v. GREAT NORTHERN RAILWAY COMPANY.[1]

July 14, 1916.

Nos. 19,849—(188).

**Evidence — speed of railway train — incompetent witness.**

1. Any person of ordinary intelligence who can say that he is able to form an estimate as to the speed of a train, and that he saw it in motion with reasonable opportunity to observe its speed, is competent to give an opinion as to its speed. But a witness who did not see or hear the train until it was upon him is not competent to give evidence as to its speed, and his opinion if given is without probative force.

**Railway — keeping lookout on footboard of engine — negligence.**

2. An engine with water tank attached was backing through a switching yard. There was a foot board across the front of the engine and one across the rear of the tank. Two men were stationed, one on each end, of the engine foot board so that one could look ahead, on each side of the engine. *Held*, negligence could not be predicated on the failure to keep another man on the foot board of the tank.

**Railway — running engine through switching yard without ringing bell.**

3. In the absence of some custom, or of the presence of persons on or near the track ahead, it is not negligence to run an engine through a switching yard without ringing a bell.

Action in the district court for Lyon county to recover $25,000 for personal injury to plaintiff while in the employ of defendant as freight brakeman. The case was tried before Olsen, J., who at the close of the testimony denied defendant's motion to direct a verdict for defendant,

[1]Reported in 158 N. W. 800.

---

Note.—The cases on the question of opinion evidence as to speed of train or hand car, see note in 34 L.R.A.(N.S.) 790. And as to sufficiency of rules for switching cars, see note in 43 L.R.A. 339, 41 L.R.A.(N.S.) 54.

and a jury which returned a verdict for $9,000. Defendant's motion for judgment in its favor notwithstanding the verdict or for a new trial was granted. From the judgment entered pursuant to the order for judgment, plaintiff appealed. Affirmed.

*Tom Davis* and *Ernest A. Michel,* for appellant.

*M. L. Countryman* and *A. L. Janes,* for respondent.

HALLAM, J.

Plaintiff was a switchman in the Willmar yard of defendant. On the afternoon of January 27, 1915, he was called to take a run out on a freight train. He went down into the yards to his caboose which stood on a side track, attended to some work there and went out again, leaving the caboose at the westerly end. As he left the caboose he stepped toward the lead track, which was about 8 to 12 feet from the caboose. While crossing the lead track he came in contact with a switch engine of defendant which was backing through the yards from east to west. Plaintiff sued for damages. On the first trial he recovered a verdict. The trial court set this verdict aside and granted a new trial. On the second trial plaintiff again had a verdict. The trial court set this aside and ordered judgment for defendant. Plaintiff appeals.

The question in the case is, was defendant entitled to judgment as a matter of law?

1. One claim of negligence is that the engine was operated at an excessive rate of speed. The evidence of witnesses for defendant is that the engine was going at from four to six miles an hour, admittedly not an excessive rate of speed. The only evidence of excessive speed is that of the plaintiff himself, who says that the speed was from 18 to 25 miles an hour. No doubt plaintiff was competent to give an opinion as to the speed of a train. To render one competent to give such evidence no expert training is required. Any person of ordinary intelligence who can say that he is able to form an estimate as to the speed of a train, and that he saw it in motion, so that he had reasonable opportunity to observe its speed, can give such an opinion. See Wolfe v. Ives, 83 Conn. 174, 76 Atl. 526, 19 Ann. Cas. 752; Yahachi Shimoda v. Bundy, 24 Cal. App. 675, 142 Pac. 109. But in order to render any witness competent to give such evidence he must have had reasonable opportunity to observe the move-

ment of the train. This the plaintiff, according to his own evidence, did not have. He said: "I got out over this track 5 and got out onto the lead. I didn't see or hear nothing * * * and just as I hit the lead this engine came along * * * and I didn't hear or see anything * * * it was so close —right onto me, and the only thing I could do was to jump, and as I jumped I was struck on the left shoulder and back and left hip and knocked down." Manifestly the witness had no opportunity to judge the speed of the train, and his testimony is wholly lacking in probative force on this point. See Northern Pac. R. Co. v. Hayes, 87 Fed. 129, 30 C. C. A. 576. There was no competent evidence of negligent speed.

2. There is some claim that defendant was negligent in not keeping a lookout for persons upon the track. The evidence is that the engine was backing with the tank ahead. There is a foot board running across the front of the engine, and one running across the front of the tank in the direction in which it was going. Two men were on the foot board of the engine, one on each end of the board; that is, one on each side of the engine. It was part of the duty of these men to keep a lookout ahead, and they did so. Defendant's evidence is that one of these men saw plaintiff as soon as he came in sight. There is no claim that there was anything he could have done to avoid the accident. No one was on the foot board of the tank, but there is no evidence that it was customary to have a man at that particular point, nor does it appear that a man stationed there would have been any more effective to prevent accidents than on the foot board of the engine. There is no evidence to sustain a finding of negligent failure to keep a lookout.

3. The engine was operated through the switch yard without ringing the bell or giving other signal. Plaintiff contends that this sustains a finding of negligence. Plaintiff's counsel explicitly stated that he did not rely upon any custom to ring a bell under circumstances such as existed here. In fact the evidence was conclusive that it was customary not to ring the bell while switching about the yard, except on starting the engine, or in the event of some one appearing on or near the track ahead. No such situation existed here. There were no exceptional circumstances here and nothing to call for exceptional conduct in the operation of this engine until plaintiff came upon this track in front of the engine, and he came so suddenly that it cannot be said there was any opportunity to give him

any special warning. No negligence can be predicated on failure to ring the bell at this time, unless it can be said that in switching cars in such a yard as the Willmar yard, ordinary care requires that the bell should be rung all the time. This court has never adopted any such rule. In a yard such as this, many engines may move to and fro at the same time. Constant ringing of the bells upon all would probably not add much to the safety of those working about the yard. All men employed about the yard know that moving trains and engines are liable to be encountered on any track at any time. We cannot hold that due care requires constant ringing of the bell. 3 Elliott, Railroads (2d ed.), § 1258; Aerkfetz v. Humphreys, 145 U. S. 418, 12 Sup. Ct. 835, 36 L. ed. 758; Galvin v. Old Colony R. Co. 162 Mass. 533, 39 N. E. 186; Kludzinski v. Great Northern Ry. Co. 130 Minn. 222, 153 N. W. 529, is consistent with this rule. In fact it recognizes this to be the rule. Cornell v. Great Northern Ry. Co. 112 Minn. 341, 128 N. W. 22, presents a different state of facts.

There is no competent evidence of negligence of defendant.

Judgment affirmed.