### NATIONAL UNDERWRITING CO. v. SIMON.

(Circuit Court of Appeal, Seventh Circuit. December 2, 1925.)

No. 3555.

**I. Licenses ⊙⇒39—Objection that right of action to recover money paid for stock must fail because brought under repealed statute held without merit.**

Objection that right of action under Michigan Blue Sky Law 1915 to recover money paid for stock must fail because such statute has been repealed *held* without merit in view that rights of action under such statute were saved by Michigan Blue Sky Law 1923, § 2, and that statute was merely invoked to show illegality of acts by which money sought to be recovered was obtained.

**2. Licenses ⊙⇒8(2)—Repeal of a Blue Sky Law does not affect legality of transactions prior to such repeal.**

Repeal of a Blue Sky Law does not affect legality of transactions had prior to such repeal.

In Error to the District Court of the United States for the District of Indiana.

Action by Jacob Simon against National Underwriting Company. Judgment for plaintiff and defendant brings error. Affirmed.

Robert D. Coleman and Edward V. Fitzpatrick, of Indianapolis, Ind., for plaintiff in error.

Milton W. Mangus, of Indianapolis, Ind., John F. Henigan, of Jackson, Mich., and Leo H. Suhanek, of Indianapolis, Ind., for defendant in error.

Before ALSCHULER, EVANS, and PAGE, Circuit Judges.

PAGE, Circuit Judge. During June and November, 1916, defendant. in error, called plaintiff, a resident of Michigan, bought stock in the Inland Coal & Mining Company, an Indiana corporation, from plaintiff in error, called defendant, also an Indiana corporation, and plaintiff claims that the sales were made in the state of Michigan, without compliance by defendant with the 1915 Blue Sky Law of Michigan (chapter 230, Compiled Laws of Michigan 1915). The suit to recover the purchase money paid resulted in a judgment for plaintiff. .

[1, 2] It is urged:

(a) That the court erred in overruling the demurrer to the complaint. No demurrer was filed to the amended complaint.

(b) That the right of action must fail because it is brought under a Michigan statute which has been repealed. There are two sufficient answers to this contention: (1) We are of opinion that rights of action under that statute were saved by the new statute, enacted in 1923 (Pub. Acts 1923, No. 220, § 2). (2) The action was not brought under the statute; it was merely invoked to show the illegality of the acts by which the money sought to be recovered was obtained. The repeal of such a statute does not affect the legality of the transaction. Woods & Co. v. Armstrong, 54 Ala. 150, 25 Am. Rep. 671; Pacific Guano Co. v. Dawkins, 57 Ala. 115; Hochstettler v. Mosier Coal Co., 8 Ind. App. 442, 35 N. E. 927; Quarles v. Evans, 7 La. Ann. 543; Banchor v. Mansel, 47 Me. 58; Hathaway v. Moran, 44 Me. 67; Springfield Bank v. Merrick, 14 Mass. 322; Anding v. Levy, 57 Miss. 51, 34 Am. Rep. 435; Bailey v. Mogg, 4 Denio (N. Y.) 60; Puckett v. Alexander, 102 N. C. 95, 8 S. E. 767, 3 L. R. A. 43; Roby v. West, 4 N. H. 285, 17 Am. Dec. 423; Nichols v. Poulson, 6 Ohio, 305; Peters v. Goulden, 27 Mich. 171.

(c) That the transaction was unaffected by the Michigan statute, because it was an Indiana contract. There is some contradiction in the evidence on this point, but there is an abundance of evidence to support the finding made by the court.

The judgment is affirmed.